THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETHUNE-COOKMAN
UNIVERSITY, INC.

**Plaintiff,**

vs.  CASE NO.: 6:22-cv-47

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., and
JOHNNY L. MCCRAY, JR., individually

**Defendants.**
_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

COMES NOW Defendants, DR. MARY MCCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC. ("Former Alumni Association") and JOHNNY L. MCCRAY, JR. ("MCCRAY"), individually, pursuant to the Florida Rules of Civil Procedure, and hereby move to dismiss Plaintiff's Verified Complaint and Strike Plaintiff's Claim for Attorney's Fees, and in support thereof, state as follows:

### BACKGROUND AND OVERVIEW OF THE ALLEGATIONS BY PLAINTIFF

Plaintiff is a Florida not for profit corporation with its principal place of business in Volusia County, Florida. Plaintiff's accreditation issues prompted it to sever and dissociate from the Former Alumni Association. On or about September

17, 2021 Plaintiff sent a letter to the Former Alumni Association informing them of the dissociation. The Plaintiff sent a second letter September 29, 2021 of the same. Another letter was sent October 12, 2021 of the same.

On or about January 7, 2022, Plaintiff filed an eight-count complaint (the "Complaint") seeking relief for federal, state, and common law trademark infringement, false designation of origin, dilution by blurring, unfair and deceptive trade practices, and accounting.

Plaintiff requested relief including, but not limited to: temporary and permanent injunction, destruction of all materials bearing Plaintiff's trademarks, trade dress, or trade names, requiring public display of corrective advertising, declaring this case exceptional and awarding costs and attorney's fees, award of profits gained by Defendants. Defendants request that the Court grant this Motion to Dismiss the Complaint with prejudice as a matter of law.

## **Plaintiff's Complaint Should Be Dismissed with Prejudice**

Plaintiff's Complaint should be dismissed with prejudice as the Complaint (i) fails to state a cause of action as to all Defendants, (ii) individual board members are not liable for their actions in their official capacity, and (iii) does not address any specific actions taken by Defendants.

## **MEMORANDUM OF LAW**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by

a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). *Living Color Enters., Inc. v. New Era Aquaculture, Ltd.*, CASE NO. 14-62216-CIV-MARRA, 6 (S.D. Fla. Apr. 3, 2015).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F.Supp.2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted). *Diaz v. Doctors Best*

*Weight Loss & Wellness Ctr.*, 21-cv-22386-BLOOM/Otazo-Reyes, 2 (S.D. Fla. Sep. 30, 2021)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). *Living Color Enters., Inc. v. New Era Aquaculture, Ltd.*, CASE NO. 14-62216-CIV-MARRA, 6 (S.D. Fla. Apr. 3, 2015)

**A. The Complaint Fails to State a Cause of Action as to all Defendants, as it Fails to Allege Which Separate Acts Were Committed by Each Individual Defendant.**

Federal Rule of Civil Procedure 10(b) provides, in part, that "[a]ll averments of claim or defense shall be made in numbered paragraphs, each of which shall be limited as far as practicable to a statement of a single set of circumstances;" The Complaint, which comingles all Defendants, fails to separate each alleged act by each defendant. Such failure makes it "virtually impossible to ascertain from the

Complaint which defendant committed which alleged act." *Weltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp 1161, 1163-64 (M.D. Fla. 1996).

As the basis for requesting this Court enter a permanent and temporary injunction prohibiting Defendant from conducting its regular business activities and seeking declaratory relief, Plaintiff alleges that "the Former Alumni Association's activities and infringement, at the direction and authorization of MCCRAY…" but fails to allege that such conduct was committed together, or what separate conduct was committed by which Defendant. Compl. COUNT(S) I-IV and COUNT VI. Since the paragraphs in Plaintiff's Complaint are not limited to certain circumstances against individual defendants, but lumps them all together, Plaintiff's Complaint does not adequately put Defendants on notice of their actions as to address the alleged harm or wrongdoing. Accordingly, based on the above, Defendants request that the Court dismiss Plaintiff's Complaint with prejudice.

**B. The Complaint Fails to State a Cause of Action Against MCCRAY, as Individual Board Members Not Liable for Official Capacity Actions.**

As a general rule, corporate officers are not held personally liable for infringement by their corporation, when they are acting within the scope of their duties. *Dangler v. Imperial Mach Co*, 11 F2d 945, 947 (7th Cir. 1926). Simply alleging that an individual corporate officer is the "driving force behind and participated in the wrongful conduct" is not sufficient to satisfy federal pleading

standards. *Diaz v. Doctors Best Weight Loss & Wellness Ctr.*, 21-cv-22386-BLOOM/Otazo-Reyes, 11-12 (S.D. Fla. Sep. 30, 2021).

In the present case there are no specific acts or allegations that Defendant, MCCRAY, acted willfully and intentionally or the he was the driving force behind the alleged wrongful acts. The Complaint only states that he was "the President of the Former Alumni Association", this is not enough to enjoin him individually in the suit. Compl. Para. 3, p.2. There are no allegations or evidence to show that Defendant, MCCRAY, "directly facilitated the Corporate Defendant's marketing and distribution activities (or any other business operations)." *Segment Consulting Mgmt. v. Bliss Nutraceticals, LLC*, Civil Action 1:20-CV-1837-TWT, 8 (N.D. Ga. Jan. 27, 2022).

Plaintiff merely states "activities and infringement, under the direction and authorization of MCCRAY", which is not sufficient to satisfy federal pleading standards. Therefore, this lawsuit must be dismissed as to the individual, MCCRAY.

### C. The Complaint Fails to State a Cause of Action, as it Fails to Allege Facts Sufficient to Show an Entitlement to Relief.

As a threshold matter, a complaint is fatally flawed and must be dismissed if it fails to give the defendant notice of a legal cognizable claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal* at 1949. In the

present case Plaintiff's Complaint only contains naked assertions lacking the requisite factual support and contains conclusory legal allegations. As such the same should be dismissed for failure to state of cause of action in which this claim should be granted.

### D. There are no valid or enforceable trademark rights in the name of Plaintiff's founder, Dr. Mary Mcleod Bethune, or the school's colors.

Plaintiffs are attempting to make it appear that they have reserved marks to bolster their trademark claims when they do not own a trademark to Plaintiff's founders name, nor the trade dress for the University. In the present case Plaintiff was founded after other schools, such as Florida State University, which uses colors so confusingly similar that they create the same commercial impression as Plaintiff does on the market. As such the same should be dismissed as there can be no infringement of rights the Plaintiff does not have.

### E. Plaintiff's should be precluded from accounting, monetary damages, and attorney fees and costs.

First, liability without proof of damages, of course, supports no recoverable claim. *Blackford v. Wal-Mart Stores*, Inc. 912 F. Supp. 537, 539 (S.D. Ga. 1996); cf., *Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089 (11th Cir. 1994) (imposing Rule 11 sanctions against plaintiff who resisted dismissal motion notwithstanding fact that it could show no damages even if liability existed).

An accounting of profits under § 35 would often be inappropriate in §43(a) cases involving neither unjust enrichment nor diverted trade, neither of which are present or alleged here. *Richard v. Auto Publrs.*, Inc. 735 F.2d 450, 459, 1984 U.S. App. LEXIS 20892, *28, 222 U.S.P.Q. (BNA) 808, 815; citing Koelma, Monetary Relief for Trademark Infringement Under the Lanham Act, 72 T.M. Rep. 458, note 13 at n. 3 (1982). Plaintiff is not entitled to attorney's fees and costs, as this case is not exceptional, and Plaintiffs have failed to allege any facts that show why the Court should declare this exceptional. As such the same should be dismissed as there is no exceptional showing and or proof of damages.

## **Conclusion**

Defendant respectfully requests that this Court dismiss Plaintiffs' Complaint with Prejudice or alternatively strike Plaintiff's request for monetary damages and attorney's fees.

*/s/ Vivian Williams*
Vivian Williams, Esq.
FLA BAR NO: 120771
Vivian Williams Law, LLC
P.O. Box 43682
Jacksonville, FL 32203
Telephone: (904) 323-1260
Email: vivian@vwilliamslaw.com
Lead Counsel
Attorney for the Defendants

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on February 23, 2022 I filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to all the attorneys and parties of record.

*/s/ Vivian Williams*
Vivian Williams, Esq.
