# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY, INC.,

    Plaintiff,

v.                                            Case No. 6:22-cv-47-WWB-DAB

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC. and JOHNNY L. MCCRAY, JR.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Attorney's Fees (Doc. 11)[1] and Plaintiff's Response (Doc. 12) thereto.

## I. BACKGROUND

On September 1, 2021, Plaintiff's, Bethune-Cookman University, Inc., Board of Trustees voted to disassociate from the Dr. Mary McLeod Bethune National Alumni Association, Inc. ("**Alumni Association**") and to establish its own Alumni Direct Support Organization to fundraise and support alumni affairs. (Doc. 1, ¶ 4). As a result, the Alumni Association is no longer permitted to use Plaintiff's name, likeness, logos, or trademarks, or represent itself publicly as associated with the University. (*Id.* ¶ 7). Nevertheless,

---

[1] The parties' filings fail to comply with this Court's January 13, 2021 Standing Order and Defendants' Motion fails to comply with Local Rule 3.01(g). In the interests of justice, the Court will consider the filings, but the parties are cautioned that future failures to comply with all applicable rules and orders of this Court may result in the striking or denial of filings without notice or leave to refile.

Plaintiff alleges that despite several demands, Alumni Association, at the direction of its president, Defendant Johnny L. McCray, Jr., continues to use Plaintiff's name, likeness, logos, and trademarks, and falsely represents that it is associated with Plaintiff.  (*Id.* ¶¶ 3, 8, 63, 68).  Accordingly, Plaintiff alleges eight counts against the Alumni Association and McCray (collectively, "**Defendants**") for: Trademark Infringement, 15 U.S.C. § 1114; False Designation of Origin, 15 U.S.C. § 1125(a); Dilution by Blurring, 15 U.S.C. § 1125(c); Infringement, Fla. Stat. § 495.131; Dilution, Fla. Stat. § 495.151; Florida Common Law Trademark Infringement; Violation of Florida's Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Fla. Stat. § 501.201 *et seq.*; and Accounting. (*See generally id.*).

## II.     LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party.  *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state

2

a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.     DISCUSSION

First, Defendants argue that Counts I through IV and Count VI improperly lump both Defendants together and fail to adequately put Defendants on notice of their actions. (Doc. 11 at 4–5). A "[p]laintiff's collective allegations do not make the complaint deficient [if] '[t]he complaint can be fairly read to aver that all defendants are responsible for the alleged conduct.'" *Whitehurst v. G & A Rest. Mgmt., Inc.*, No. 2:20-cv-67-FtM, 2020 WL 2062462, at *2 (M.D. Fla. Apr. 29, 2020) (quoting *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000)). Here, the Complaint can be read to allege that all Defendants are responsible for the alleged conduct. Further, in order to establish McCray's personal liability, Plaintiff alleged that the Alumni Association acted at McCray's direction and authorization. Although Defendants argue that such allegation is insufficient to allege personal liability, "'[n]atural persons, as well as corporations, may be liable for trademark infringement under the Lanham Act' if, as a business entity's agent, an individual 'actively caused the infringement, as a moving, conscious force.'" *ADT LLC v. Alarm Protection Tech. Fla., LLC*, 646 F. App'x 781, 787 (11th Cir. 2016) (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477–78 (11th Cir. 1991)). "Specifically, a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil." *Id.* at 787–88 (quoting at *Babbit Elecs., Inc. v. Dynascan*

3

*Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994)). The Complaint makes clear that McCray caused the infringement by directing and authorizing the Alumni Association to do so. *See Boxy, LLC v. Jay at Play Int'l H.K., LTD*, No. 20-80893-CIV, 2021 WL 1226388, at *7 (S.D. Fla. Mar. 31, 2021). Accordingly, Defendants' Motion will be denied as to these issues.

Next, Defendants make the conclusory statement that the Complaint must be dismissed because it "only contains naked assertions lacking the requisite factual support and contains conclusory legal allegations." (Doc. 11 at 6–7). Conclusory arguments that do not tie the case law to any specific issues presented are not sufficient to support a motion to dismiss. *See Cifuentes v. Sec'y, Dep't of Homeland Sec.*, No. 6:21-cv-770, 2022 WL 1238612, at *3 (M.D. Fla. Feb. 2, 2022), *report adopted*, 2022 WL 4285898 (M.D. Fla. Sept. 16, 2022); *Deeb v. Saati*, No. 1:17-cv-21204, 2017 WL 8890872, at *1 (S.D. Fla. Nov. 8, 2017) (citing *J.P. ex rel. Price v. Crews*, No. 2:12cv46, 2012 WL 1466634, at *6 (M.D. Ala. Apr. 27, 2012)).

Defendants also make the conclusory argument that the Complaint must be dismissed because Plaintiff does not own a trademark to Plaintiff's founder's name and Plaintiff's trade dress, and that Plaintiff uses colors confusingly similar to those of other schools, such as Florida State University. (Doc. 11 at 7). Again, the Court declines to consider Defendants' conclusory argument that has not been tied to any specific claims. *See Cifuentes*, 2022 WL 1238612, at *3. Even so, Plaintiff does not appear to allege that it trademarked the founder's name. Rather, it alleges that the founder's name is inextricably associated with Plaintiff and the use thereof in conjunction with the use of Plaintiff's name, likeness, logos, trademarks and holding itself out as associated with

4

Plaintiff gives the public the false impression that the Alumni Association is affiliated with Plaintiff.  (Doc. 1, ¶ 64).

Defendants further appear to argue that Count VIII should be dismissed because Plaintiff cannot prove damages and has failed to sufficiently allege unjust enrichment or diverted trade to warrant an accounting.  (Doc. 11 at 7–8).  Once, again Defendants have failed to adequately flesh out their arguments. *See Cifuentes*, 2022 WL 1238612, at *3.  Nevertheless, although not raised by Defendants, the Court notes that under federal law a request for accounting is generally a remedy instead of an independent cause of action.  *GlobalOptions Servs., Inc. v. N. Am. Training Grp., Inc.*, 131 F. Supp. 3d 1291, 1301 (M.D. Fla. 2015) (citing *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1310 n.21 (11th Cir. 2014)).  Accordingly, Count VIII will be dismissed.  Plaintiff is not prohibited from seeking an accounting, but it must replead it as a remedy for the appropriate cause or causes of action.  *See id.* at 1301–02.

Finally, Defendants contend that Plaintiff is not entitled to attorney's fees and costs because Plaintiff failed to allege facts that show why the Court should find this case exceptional.  (Doc. 11 at 8).  Again, Defendants do not direct the Court to which Counts contain this deficiency.  Despite this, the Court finds that Plaintiff has pleaded sufficient facts that, if proven, may warrant a finding that the case is exceptional for the purposes of attorney's fees under 15 U.S.C. § 1117.  *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is

'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances.").

IV. **CONCLUSION**

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint and Motion to Strike Plaintiff's Claim for Attorney's Fees (Doc. 11) is **GRANTED in part** as set forth herein and **DENIED** in all other respects. Plaintiff shall file an amended complaint on or before **October 5, 2022**, to cure the deficiencies identified by the Court.

**DONE AND ORDERED** in Orlando, Florida on September 21, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record