UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY,
INC.,

    Plaintiff,

v.                                         Case No. 6:22-cv-47-WWB-DAB

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC., JOHNNY L. MCCRAY, JR. and
MARY MCLEOD BETHUNE NATIONAL
ALUMNI ASSOCIATION, INC.,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 22) and Defendants' Response (Doc. 28) thereto. As explained below, the Motion for Preliminary Injunction will be denied.

**I.  BACKGROUND**

On September 1, 2021, Plaintiff's, Bethune-Cookman University, Inc., Board of Trustees voted to disassociate from the Dr. Mary McLeod Bethune National Alumni Association, Inc. ("**Alumni Association**") and to establish its own Alumni Direct Support Organization to fundraise and support alumni affairs. (Doc. 22 at 6). As a result, on September 17, 2021, Plaintiff issued a letter to the Alumni Association to advise it that it is no longer permitted to use Plaintiff's name, likeness, logos, or facilities, or represent itself publicly as associated with the University. (*Id.* at 7). Nevertheless, Plaintiff alleges that despite several demands, Alumni Association, at the direction of its president,

Defendant Johnny L. McCray, Jr., continues to use Plaintiff's name, likeness, logos, and trademarks, and falsely represents that it is associated with Plaintiff. (*Id.* at 7–8). Accordingly, on January 7, 2022, Plaintiff alleged eight counts against the Alumni Association and McCray (collectively, "**Defendants**") for: Trademark Infringement, 15 U.S.C. § 1114; False Designation of Origin, 15 U.S.C. § 1125(a); Dilution by Blurring, 15 U.S.C. § 1125(c); Infringement, Fla. Stat. § 495.131; Dilution, Fla. Stat. § 495.151; Florida Common Law Trademark Infringement; Violation of Florida's Deceptive and Unfair Trade Practices Act ("**FDUTPA**"), Fla. Stat. § 501.201 *et seq.*; and Accounting. (*See generally id.*). Plaintiff filed its First Amended Verified Complaint on October 5, 2022, adding a new defendant and a new cause of action of civil conspiracy. (*See generally* Doc. 33).

II. **LEGAL STANDARD**

"The grant or denial of a preliminary injunction is within the sound discretion of the district court[.]" *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A district court may only grant injunctive relief if the moving party establishes: "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion' as to each of the four prerequisites." *Id.* (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

III. **DISCUSSION**

Case 6:22-cv-00047-WWB-DAB   Document 46   Filed 11/22/22   Page 3 of 5 PageID 1588

Plaintiff's motion fails because it has not demonstrated irreparable harm.[1]  Stated otherwise, it does not appear that the Court is required to grant Plaintiff's Motion in the event it found a likelihood of success on the merits.  "[A] party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) (citations omitted).  "A delay in seeking a preliminary injunction of even only a few months—though not necessarily fatal—militates against a finding of irreparable harm." *Id.*; *see also Tiber Labs., LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1381 (N.D. Ga. 2007) ("Where the movant 'unduly delayed in bringing suit,' however, 'thereby negating the idea of irreparability,' a preliminary injunction should not issue." (quoting *Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996)).  "As such, it is not uncommon for courts to deny a preliminary injunction in the face of unexplained delays of more than two months." *InVue Sec. Prods. Inc. v. Vanguard Prods. Grp., Inc.*, No. 8:18-cv-2548-T-33SPF, 2019 WL 4671143, at *6 (M.D. Fla. July 1, 2019), *report and recommendation adopted*, 2019 WL 4673755 (M.D. Fla. Aug. 15, 2019).

"[T]wo time periods are relevant in determining whether a plaintiff acts promptly in seeking judicial relief: (1) a plaintiff cannot delay in filing a complaint after discovering a potential infringer, and (2) a plaintiff must move quickly in filing a motion for a preliminary injunction once a complaint has been filed." *Menudo Int'l, LLC v. In Mia. Prod., LLC*, No.

---

[1] Although the Eleventh Circuit has recognized a presumption of irreparable harm once a plaintiff establishes a likelihood of success on the merits of a trademark infringement claim, *N. Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1227 (11th Cir. 2008), it noted that the United States Supreme Court has held that categorical rules, such as mandating the issuance of an injunction where trademark infringement is found, should not trump the traditional principles of equity upon which injunctive relief is based.  *See id* at 1228. (citing *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006)).

3

17-21559-Civ, 2017 WL 4919222, at *5 (S.D. Fla. Oct. 31, 2017). "If *either* is unreasonably delayed, a finding of irreparable harm is significantly weakened." *Id.* Plaintiff's delay arguably falls in both categories, and most definitely falls in the second.

Plaintiff advised Defendants in September 2021 that they were no longer legally authorized to use Bethune-Cookman's "name, likeness, logos, or facilities, or to represent itself publicly as being associated with the University[.]" (Doc. 22 at 7). Despite such notification, it was apparent that Defendants had no intention of disassociating itself from Bethune-Cookman, prompting Plaintiff to file its Complaint on January 7, 2022. (*See id.* at 6–8; Doc. 1). Plaintiff, however, waited six months before filing the underlying Motion without any explanation for the delay. *See Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1356 (S.D. Fla. 2002) ("Even giving Plaintiff credit for attempting to reach a settlement without litigation, there remains a three-month delay between Plaintiff's last communication with Defendants and commencement of this suit."). This delay in seeking relief—ranging from six months to over a year—weighs heavily against any finding of irreparable harm and thus, Plaintiff's motion will be denied. *See Wreal, LLC*, 840 F.3d at 1248–49 (affirming denial of motion for preliminary injunction filed five months after the complaint where the motion was based exclusively on evidence available to the plaintiff at the time it filed its complaint).

IV. **CONCLUSION**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Preliminary Injunction (Doc. 22) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on November 22, 2022.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record