THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| BETHUNE-COOKMAN UNIVERSITY, INC. | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 6:22-cv-0047-WWB-GJK ) |
| DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR., individually, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff, BETHUNE-COOKMAN UNIVERSITY, INC. (the "University" or "Plaintiff"), pursuant to Rule 37(a), Fed.R.Civ.P., Middle District Local Rule 3.01, and the Standing Order on Discovery Motions (Doc. 5), hereby files its Motion to Compel Production of Documents, and states as follows:

### INTRODUCTION

1. On March 10, 2023, the University served its First Request for Production of Documents on Defendants. *See* Request for Production, Exhibit A.

2. On April 10, 2023, Defendants served its Objections and Responses to the Request for Production. *See* Response, Exhibit B.

3. On April 18, 2023, counsel for each party met and conferred, in good faith, on the telephone to discuss the objections and production.

4. Counsel for Defendants agreed to provide a supplemental response, but otherwise opposed production of any additional documents.

5. On April 25, 2023, Defendants served its supplemental response and privilege log. *See* Supplemental Response and Privilege Log, Exhibit C.

## MEMORANDUM OF LAW

Rule 34 requires a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n objection to part of a request must specify the part and permit inspection of the rest."

Nearly all the Defendants' Responses fail to meet the objection requirements of Rule 34 and "appear[] to be nothing more than a disingenuous attempt to game the discovery." Polycarpe v. Seterus, Inc., 6:16–cv–1606–Orl–37TBS, 2017 WL 2257571, at *3 (M.D. Fla. May 23, 2017). First, Defendants' Responses are boilerplate. *Siddiq v. Saudi Arabian Airlines Corp.*, No. 6:11–cv–69–Orl–19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit") (citation omitted); Middle District Discovery (2021) at Section III.A.6. ("[b]oilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair, explanation particular to the facts of the case.").

Notwithstanding the boilerplate objections, Defendants fail to "state whether any responsive materials are being withheld on the basis of [an] objection." *See*

2

Response # 9, #10, #11, #12, #19, #24, #25, #26, #29, #30, #31, #32, #33; *see* Rule 34(b)(2)(C), Fed.R.Civ.P.  Defendants, when they did produce documents, framed their response as producing "non-privileged documents" without producing a privilege log or indicating further documents were being withheld.  *See* Response #13, #14, #18, #20, #21, #22, #23, #27, #28; *see* Rule 26(b)(5), Fed.R.Civ.P.; *see also Bank v. Graham*, 8:19-cv-415-T-35SPF, 2020 WL 2425732, at *1 (M.D. Fla. May 12, 2020) (responses made subject to an objection "preserves nothing and wastes the time and resources of the parties and the court" because it "leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered") (citations omitted).

Regarding the "confidential financial records" that Defendants failed to produce, under the Lanham Act, actual damages are measured by "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  *See* 15 U.S.C. § 1117(a); *see also Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1241 (11th Cir. 2008) ("[a]ny damages sustained by the plaintiff" include "all elements of injury" to the plaintiff's business "proximately resulting from the infringer's wrongful acts such as the costs of corrective advertising or injury to business reputation or goodwill.") (citation omitted).  Since Defendants, as a non-profit that depends on contributions from the public, which may include donations from persons intending to donate to the University, these records are relevant to the University's damages.

The University respectfully requests additional briefing to address each deficient Response, if the Court believes it necessary.

WHEREFORE, Plaintiff, BETHUNE-COOKMAN UNIVERSITY, INC., respectfully

3

requests that the Court enter an Order compelling Defendants to produce each responsive document requested in the Request for Production, to serve a supplemental response in compliance with Rule 34, Fed.R.Civ.P., waiving all non-privileged objections to the same, and payment of expenses, including attorney's fees, necessitated by the Motion, and such further relief the Court deems just and proper.

### **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for the Plaintiff certifies that, prior to filing this Motion, Counsel conferred with Counsel for the Defendants by telephone on April 18, 2023, in a good faith effort to resolve the issues raised by this Motion, and Counsel for Defendants oppose the relief requested in this Motion.

By:  /s/ Brandon T. Byers
     Attorney

SCOTT W. CICHON, Lead Counsel
FLA. BAR NO. 440876
Primary e-mail address:
Scott.Cichon@CobbCole.com
Secondary e-mail address:
Julie.Mounts@CobbCole.com
Telephone: (386) 323-9282
Facsimile: (386) 248-0323

BRANDON T. BYERS
FLA. BAR NO. 0119492
Primary e-mail address:
Brandon.Byers@CobbCole.com
Secondary e-mail address:
Julie.Mounts@CobbCole.com
Telephone: (386) 323-9234
Facsimile: (386) 248-0323

HOLLY W. ZITZKA
FLA. BAR NO. 111824
Primary e-mail address:
Holly.Zitzka@CobbCole.com
Secondary e-mail address:
Lori.Dumont@CobbCole.com
Telephone: (386) 323-9204
Facsimile: (386) 248-0323



Cobb Cole
Post Office Box 2491
Daytona Beach, FL 32115-249

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2023, a true and correct copy of the foregoing was served electronically via the CM/ECF system on the following:

Vivian Williams, Esq.
Vivian Williams Law, LLC
P.O. Box 43682
Jacksonville, FL 32203
Email: Vivian@vwilliamslaw.com

Elana Greenway Faniel, Esq.
Greenway Law Firm, P.A.
P.O. Box 660
Lutz, FL 33548
Email: elana@greenwayfirm.com

By: /s/ Brandon T. Byers
      Attorney