# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.; JOHNNY L. MCCRAY, JR.; and MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,

    Defendants.

Case No. 6:22-cv-47-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Renewed Motion to Compel (Dkt. 79, the "Motion"), filed June 30, 2023. Defendants oppose the Motion. *See* Dkt. 82.

Plaintiff is a college in Daytona Beach, Florida. Dkt. 33 at ¶¶ 2–10. Plaintiff brings federal and state law trademark claims against two former alumni organizations and an individual (collectively, "Defendants") for allegedly collecting donations from Plaintiff's alumni after Plaintiff broke ties with Defendants. *See Id*. Plaintiff now moves for an order directing Defendants to produce financial records, emails, publications, marketing publications, and

information associated with a website maintained by Defendants. Dkt. 79 at 5–9.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Rule further provides that information need not be admissible to be discoverable. *Id.*

Request Nos. 2, 3, 6, 7, and 26. In these requests for production, Plaintiff seeks records of donations (Request Nos. 2, 3, 26) and bank statements (Request Nos. 6, 7) from Defendants.

Defendants objected to Request Nos. 2 and 3 first on the grounds that they are overly broad and then, in a supplemental response, admitted withholding responsive documents as "privileged." Doc. 79 at 5–8 (quoting objections). In response to the Motion, Defendants' counsel states that she believed Defendants' response was sufficient but, now that Plaintiff has obtained new counsel, she has "agreed to confer with her client to search, obtain and produce" responsive records. Doc. 82 at 4 (specifically related to

- 2 -

Request No. 2), 5 (same for Request No. 3). Counsel also indicated that, since the filing of the Motion, she has produced all bank statements responsive to Request Nos. 6 and 7 and Defendants' financial statements, which reflect the donations received through Defendants' website. *Id*. at 5–6.

With respect to Request No. 26, Defendants first objected to the request as overbroad (like their objections to Request Nos. 2 and 3), Doc. 79 at 8 (reflecting initial objection). Thereafter, Defendants served a supplemental response withdrawing the previous objections and indicating that any donations received "are reflected in the Alumni Association's Financial Reports and bank statements." Doc. 79 at 9 (reflecting supplemental response). In response to the Motion, Defendants contend that they have "provided a complete response to this request" because they have produced Defendants' financial statements. Doc. 82 at 26.

Defendants' objections to Request Nos. 2, 3, 6, 7, and 26 are overruled as improper boilerplate objections. "Boilerplate objections such as 'the request is overly broad, unduly burdensome, and outside the scope of permissible discovery' are insufficient without a full, fair explanation particular to the facts of the case." Middle District Discovery (2021) at Section III.A.6.[1]

---

[1] The Court has published on its website guidelines on discovery practice in civil cases. *See Middle District Discovery: A Handbook on Civil Discovery Practice in the United States District Court for the Middle District of Florida* (2021), https://www.flmd.uscourts.gov/civil-discovery-handbook. Although

- 3 -

In their supplemental response, Defendants withdrew their original boilerplate objections, asserting instead that certain records responsive to Request Nos. 2, 3, 6, and 7 were being withheld as "privileged" because the records contain confidential financial information. Doc. 79 at 5–9. Those objections are improper too. Defendants' "privilege log" is woefully inadequate. It does not identify the number or Bates ranges of the withheld documents. Nor does it provide a legal basis for withholding each document, much less a factual basis that can be used by Plaintiff or the Court to test Defendants' so-called privilege claim. Moreover, that a responding party believes the parties should enter into a confidentiality agreement before producing documents is not an excuse to withhold responsive materials.

Regarding the bank statements, Defendants now concede that they must be produced, stating that they have produced "bank statements currently in Defendants' possession and control." Doc. 82 at 5. Federal Rule of Civil Procedure 34(a) requires a party to produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). Whether documents are in a party's control under Rule 34 is broadly construed. *See, e.g., Searock v.*

---

"neither substantive law nor inflexible rule," counsel should nevertheless review and consider this publication as "it is an expression of generally acceptable discovery practice in the Middle District." *Id*. at iii.

*Stripling*, 736 F.2d 650, 653 (11th Cir. 1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand"). "Control" does not require that a party have legal ownership or actual physical possession of the documents at issue. Documents are considered to be under a party's control (for discovery purposes) when that party has the "right, authority, or practical ability to obtain the materials sought on demand." *Desoto Health & Rehab, L.L.C. v. Philadelphia Indem. Ins. Co.*, No. 09-cv-599, 2010 WL 4853891, at *3 (M.D. Fla. Nov. 22, 2010) (internal quotations omitted) and citing *In re Wright*, No. 04-94519, 2005 WL 6488101, at *3 (N.D. Ga. Aug. 9, 2005)); *see also Searock*, 736 F.2d at 650.

Defendants' statement that they have produced "bank statements currently in Defendants' possession and control" is unclear and inadequate. The statement does not indicate whether Defendants have produced only those records in their possession, both records in their possession and those in the possession of unidentified banks, or some combination of records in their possession and those maintained by third parties that are under Defendants' control. If Defendants intend to convey that they have produced records from a third party, they should say that directly. Further, even though they now contend that the bank statements have been produced, Defendants do not indicate whether they have served updated supplemental responses, which are

required under Federal Rule of Civil Procedure 26(e). Defendants' objections to Request Nos. 6 and 7 are overruled.

With regard to Request No. 26, Defendants are mistaken that they have satisfied their obligation by belatedly producing their financial reports and bank statements. Request No. 26 encompasses records generated by Defendants' website service and any payment processing service used to process donations, not just Defendants' financial records. To the extent Defendants' website and any payment processing services have records that include information about donations made through the website, and Defendants have the right, authority, or practical ability to obtain the materials, then Defendants are obligated to produce those records to Plaintiff. Defendants' objections to Request No. 26 are overruled.

<u>Request Nos. 9, 11, 12, 19, and 25</u>. Plaintiff also moves to compel Defendants to produce certain marketing materials and related data. Doc. 79 at 13–15.

Request No. 9 seeks emails sent by Defendants using "any alumni listserv or other mailing list." *Id*. at 6. Like their responses to the other requests for production, Defendants initially responded to this request by raising improper boilerplate objections that the request is overly broad and unduly burdensome. *Id*. Defendants also inexplicably interposed an objection that any such emails are confidential trade secrets. *Id*. Then, in a supplemental

response, Defendants stated that emails "are delivered to a list maintained" by a vendor that is an online marketing company. *Id.* at 7.

In its Motion, Plaintiff notes that Defendants have not produced a single email in response to Request No. 9 and that counsel for Defendants has conceded that she has not made any effort to collect any emails from Defendants' vendor. *Id.* at 14. For their part, Defendants contend that Plaintiff agreed to narrow the request and that Defendants have "produced emails responsive to that request." Doc. 82 at 5.

The Court overrules Defendants objections to Request No. 9. Defendants' original response interposed improper boilerplate objections and confidentiality claims with no discernable legal basis. The supplemental response is improper too. A response to a request for production should identify the records that have been or will be produced, not a narrative response. Furthermore, as noted above, Defendants are required to collect and produce records held by third parties that are under Defendants' control. And lastly, Defendants belated statement in their opposition that they have produced emails responsive to this request is insufficient. Defendant must clearly disclose the documents that they have produced in response to this request in a supplemental response, as required by Rule 26(e).

Request No. 11 seeks Defendants' marketing materials published during a limited time period. Doc. 79 at 7. Like their other responses, Defendants

initially interposed boilerplate objections that the request is overbroad and unduly burdensome. Doc. 79 at 7. Then, in their supplemental response, Defendants noted that they did not publish a magazine or any advertisements during the time identified in the request. *Id*. Defendants also objected to producing their Facebook page because it is publicly accessible. *Id*.

Defendants' objections to Request No. 11 are overruled. The initial objections are boilerplate and improper. Social media content may be subject to discovery. *See Martin v. Halifax Healthcare Sys., Inc.*, No. 6:12-cv-1268, 2013 WL 12153535, at *2 (M.D. Fla. Dec. 31, 2013). Social media content "is neither privileged nor protected by any right of privacy." *Davenport v. State Farm. Mut. Auto. Ins. Co.*, No. 3:11-cv-632, 2012 WL 555759, at *1 (M.D. Fla. Feb. 21, 2012). The publications sought by Request No. 11 are relevant to Plaintiff's claims and proportional to its case. That some of the documents could be obtained by the requesting party through other means is besides the point.

Request No. 12 asks Defendants to produce all marketing materials published or transmitted by Defendants during a certain time period. Doc. 79 at 7. Defendants objected, raising the same improper boilerplate objections that it interposed in their other responses. Those objections are overruled for the same reason.

Request No. 19 seeks all emails and records of communications received by Defendants about Defendants' affiliation with Plaintiff. Defendants objected, asserting improper boilerplate objections. Those objections are overruled for the same reasons the same objections were overruled above.

Request No. 26 asks Defendants to produce documents relating to donations that were given though Defendants' website. Like their prior responses, Defendants initially objected using improper boilerplate objections. Those objections are overruled. Defendants then served a supplemental response stating that any donations "are reflected in the . . . Financial Reports and bank statements." Doc. 79 at 9. The Court construes that response as a proportionality objection and overrules it. The information provided in financial records and bank statements overlaps with, but is not entirely duplicative of, the records associated with Defendants' website, including records maintained by any third party used to process donations. The records associated with the website can, for instance, include more information about individual donors and thereby lead to more discoverable evidence. Defendants will thus be directed to produce all documents responsive to Request No. 26.

\* \* \* \* \*

In sum, Plaintiff's Motion (Dkt. 79) is well taken. Defendants' objections to Plaintiff's Requests for Production are improper, incomplete, and evasive.[2] The Motion is due to be granted.

<u>Preparation and Certification of Supplemental Responses</u>. As noted above, Defendants have responded to Plaintiff's Motion by belatedly producing at least some documents responsive to some of the Requests for Production. The Court therefore directs Defendants to prepare and serve on Defendant updated supplemental responses, as required by Rule 26(e). In the supplemental responses, Defendants shall identify each document that is responsive to the request for production by Bates number or another unique identifier. Responses that do not identify responsive documents will be deemed incomplete.

Based upon the parties' submissions, the Court also finds it appropriate to direct each Defendant to include in their supplemental responses a complete and accurate description of the search, collection, review, and production that

---

[2] As an alternative basis for this ruling, the Court finds that in their supplemental responses and opposition to Plaintiff's Motion, Defendants effectively concede that their initial discovery responses were incomplete and evasive. As such, Defendants' objections to each Request are deemed waived. *See Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 617 (5th Cir. 1977) ("[S]ince an evasive or incomplete answer is equated with failure to answer, the [responding party] did, under the law, fail to answer, thus waiving any objections to [the discovery request].").

Defendants performed, including dates such search was performed on, in response to each Request. Supplemental responses that do not include this information will be deemed incomplete. Defendants shall also verify, under penalty of perjury, that they have produced all documents in their possession, custody, and control responsive to Plaintiff's Requests.

Counsel is reminded that the Federal Rules of Civil Procedure impose a duty on attorneys to sign discovery responses, which operates as a certification that the responses are—among other things—complete and correct. *See* Fed. R. Civ. P. 26(g). Certification implicitly imposes a duty upon the signing attorney to make "a reasonable inquiry into the factual basis of his response, request, or objection." *In re Delta/AirTran Baggage Fee Antitrust Litigation*, 846 F. Supp. 2d 1335, 1350 (N.D. Ga. 2012) (internal quotation marks and citation omitted). Where such a reasonable inquiry is not conducted, Rule 26(g) requires appropriate sanctions be assessed against "the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3); *see also id*. (if it determines that a discovery response has been certified in violation of the Rule, "without substantial justification, the court, on motion or on its own, must impose an appropriate sanction").

Request for Reasonable Expenses. Plaintiff also seeks its reasonable expenses incurred in pursuing the Motion. Doc. 79 at 16. Defendants do not oppose Plaintiff's request. *See* Doc. 82 at 1–7. Under Federal Rule of Civil

Procedure 37, if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require the [non-moving] party . . .to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). But the court must not order this payment if (1) the moving party filed the motion before attempting in good faith to obtain the discovery; (2) "the opposing party's nondisclosure, response, objection was substantially justified," or (3) other circumstances would make the award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because the court grants Plaintiff's motion to compel discovery, the Court must award reasonable expenses unless an exception is met. Here, the Court finds that Plaintiff attempted to resolve the disputes in good faith prior to filing the Motion. The Court further finds that Defendants' responses are not substantially justified and that there are no circumstances that would make sch an award unjust. The Court therefore finds Plaintiff is entitled to its reasonable expenses, including attorney's fees.

Accordingly, it is **ORDERED**:

1.  Plaintiff's Motion (Dkt. 79) is **GRANTED**;

2.  Defendants shall produce all documents responsive to Requests for Production Nos. 2, 3, 6, 7, 9, 11, 12, 19, 25, and 26 on or before July 26, 2023;

3.  Defendants shall serve supplemental responses to Requests for Production Nos. 2, 3, 6, 7, 9, 11, 12, 19, 25, and 26 on or before July 26, 2023.

Such responses shall identify each document responsive to each Request by Bates number or another unique identifier;

4. Each Defendant shall include in their supplemental responses a complete and accurate description of the search, collection, review, and production that Defendants performed, including dates, in response to each Request;

5. Each Defendant shall verify, under penalty of perjury, that they have produced all documents in their possession, custody, and control responsive to Plaintiff's Requests; and

6. Plaintiff's request for reasonable expenses, including attorney's fees, incurred in preparing their Motion and conferring with Defendants to obtain this discovery is **GRANTED**. The parties' counsel must confer in good faith to stipulate to the reasonable expenses incurred. If the parties fail to stipulate, the petitioners may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable.

**DONE** and **ORDERED** in Orlando, Florida, on July 12, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Counsel of Record