UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:  6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN
UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., MARY
MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., and
JOHNNY L. MCCRAY, JR.,
Individually,

    Defendants.
_____/

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES

Pursuant to this Court's Order [D.E. 83, at 13], Fed. Rule Civ. P. 37(a), and L.R. 7.01(c), Plaintiff Bethune-Cookman University, Inc. ("Plaintiff" or "the University") respectfully moves this Court for an award of attorneys' fees and costs and in support thereof states:

## Summary of Argument

The University seeks an award of **$18,792.00** in attorneys' fees against Defendants for Defendants' unjustified, repeated failure to comply with their discovery obligations, requiring two motions to compel, ultimately granted by this Court, including a grant of entitlement to fees under applicable law. [D.E. 83]. As set forth below, the fees sought are reasonable, particularly given Defendants' repeated, unjustifiable positions taken in its long-running resistance to compliance with its most basic discovery

obligations, in a complex Lanham Act action, and given the experience and background of counsel involved.

## Procedural History & Background

On April 28, 2023, the University, through prior counsel of record, filed its first Motion to Compel Production of Documents [D.E. 63], seeking additional briefing to address Defendants' deficient discovery responses, which this Court granted on May 5, 2023. [D.E. 65]. On June 30, 2023, the University filed its Renewed Motion to Compel [D.E. 79], which was promptly granted by this Court, noting numerous, basic deficiencies in Defendants' responses to the discovery requests at issue. [D.E. 83]. In granting the Motion, the Court awarded the University its attorneys' fees and costs associated with preparing the Motion, and ordered the parties to "confer in good faith to stipulate to the reasonable expenses incurred." [*Id*. at Pg. 13]. The Court also noted that "[i]f the parties fail to stipulate, the petitioners may submit a motion, supported by a declaration and any expense records, to support why the expenses they request are reasonable." [*Id*.] As set forth below, counsel for the parties conferred but were unable to stipulate to the amount of recoverable expenses. Therefore, the University respectfully requests the Court order Defendants to reimburse the University for its reasonable, discounted attorneys' fees in the amount of **$18,792.00** incurred in connection with the Motion to Compel.

## MEMORANDUM OF LAW

Because this Court has already ruled on entitlement to fees, the only issue remaining is the appropriate amount of the award. An award of attorneys' fees is calculated by using the lodestar method, which is the number of reasonable hours expended multiplied by the reasonable hourly rate for each timekeeper involved. *Norman*

*v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id. at 1303*. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Board of Education*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"A recent case in this district evaluating attorney's fees in a trademark action found reasonable hourly rates ranged between $350 and $450 for partners, between $250 and $350 for associates, and between $100 and $125 for paralegals." *Cardinale v. Vitamin Emporium, Inc.*, 2023 WL 2931047, at *3 (M.D. Fla. Jan. 26, 2023) (citing *Backjoy Orthotics, LLC v. Forvic Int'l Inc.*, 2017 WL 3037497, at *7 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 3022712 (M.D. Fla. July 17, 2017)). Although the University's counsels' discounted hourly rates are slightly higher than those deemed reasonable in *Backjoy*, this Court has also noted that the reasonableness of an attorney's rate may be measured by a client's willingness to pay the attorney's fees. *See, e.g., Pump It Up Holdings, LLC v. Anderson*, No. 6:19-CV-1252-GAP-DCI, 2021 WL 4427509, at *3 (M.D. Fla. Apr. 8, 2021) (stating "particularly convincing here is the fact that Pump It Up actually paid these fees."); *see also Caracol Television, S.A. v. Telemundo Television Studios, LLC*, No. 18-23443-CIV, 2022 WL 17583608, at *9 (S.D. Fla. Aug. 4, 2022) (concluding that the discounted hourly rates sought there for undersigned counsel, Gregory W. Herbert ($694.31) and Stephen G. Anderson's ($441.00), were reasonable because "Defendants contracted to pay their counsel at significantly discounted hourly rates [and] there is no reason to depart from the presumed

3

reasonableness of the agreed-upon rates . . . ." (cleaned up).  Moreover, "a court can use its discretion and experience in deciding whether the requested fees are reasonable." *Pegasus Lab'ys, Inc. v. My Dog Has Fleas, LLC*, No. 8:16-CV-1070-T-17TBM, 2017 WL 11049156, at *2 (M.D. Fla. Mar. 9, 2017) (internal citation omitted).

## DEFENDANTS' REQUESTED FEES AND COSTS

The University has agreed to compensate its current counsel, Greenberg Traurig, P.A., and former counsel, Cobb Cole, P.A., for all costs and time spent by the following individuals on this matter as indicated in the "Total" row in Table 1 below, at the agreed upon hourly rates for these timekeepers as set forth therein. The final row of Table 1 indicates that Defendants declined to agree to any amount of fees to be awarded. Table 2 in **Exhibit A**, annexed hereto, provides detailed time entries for Greenberg Traurig's work performed in connection with the Motion to Compel.  Detailed time entries for Cobb Cole's work is presented in the declaration attached as **Exhibit B**, annexed hereto.

Table 1: Summary of Fees Due

| Timekeeper | Title | Total Hours | Standard Local Rate | Discounted Rate Billed | Total Billed |
|---|---|---|---|---|---|
| Gregory Herbert, Esq. | Shareholder, Greenberg Traurig | 10.8 | $795.00 | $652.50 | $6,525.00 |
| Stephen G. Anderson, Esq. | Of Counsel, Greenberg Traurig | 27.5 | $490.00 | $441.00 | $12,127.50 |
| Holly W. Zitzka, Esq. | Partner, Cobb Cole | 4.9 | | $315.00 | $1,543.50 |
| Brandon Byers, Esq. | Associate, Cobb Cole | 9.3 | | $285.00 | $2,650.50 |
| Michelle Alverson | Paralegal, Greenberg Traurig | 2.6 | $395 | $247.50 | $643.50 |
| TOTAL | | 55.1 | | | $23,490.00 |
| TOTAL UNOPPOSED | | 0.0 | | | $0.00 |

In order to account for any possible claim of duplication of efforts or for any billing entries that might include limited tasks not directly related to the Motion to Compel and in the exercise of conservative billing judgment, the University agrees to apply a 20% reduction across-the-board to the amount fees incurred and billed to the client, amounting to a gross reduction in the fees sought in excess of $4,600.  Accordingly, after applying the 20% reduction, the total amount of fees sought herein equals **$18,792.00**.

Gregory W. Herbert, Esq. is a shareholder at Greenberg Traurig and has more than three decades of experience litigating intellectual property cases. Mr. Herbert has been Board Certified as an expert in Intellectual Property Law by the Florida Bar for fourteen years, since 2009, a distinction held by fewer than 1% of Florida attorneys, and was voted by his peers as "Lawyer of the Year" in various intellectual property practice areas in the Orlando market between 2014 and 2021, as noted in *The Best Lawyers in America*. Mr. Herbert's firm biography is available at:

https://www.gtlaw.com/en/professionals/h/herbert-gregory-w.

Stephen G. Anderson, Esq. is a registered patent attorney and of counsel at Greenberg Traurig and has nearly ten years of experience litigating intellectual property cases. Dr. Anderson was named a "Rising Star" by *Florida Super Lawyers* from 2017-2023 and included as "One to Watch" by *The Best Lawyers in America* since 2021. Dr. Anderson's firm biography is available at:

https://www.gtlaw.com/en/professionals/a/anderson-stephen.

Holly W. Zitzka is a partner at Cobb Cole, P.A. with almost 9 years of litigation experience. Ms. Zitzka's biography is available at:

https://cobbcole.com/attorney/holly-w-zitzka/.

Brandon T. Byers is an associate attorney at Cobb Cole, P.A with 8 years of litigation experience. Mr. Byers's biography is available at:

https://cobbcole.com/attorney/brandon-byers/.

Michele Alverson is a paralegal at Greenberg Traurig and has approximately 17 years of experience as a paralegal.

The "Discounted Rate Billed" shown in Table 1 is the hourly rate the University agreed to pay for each timekeeper's services over the indicated period.  For comparison, the current "Standard Rate" for each of the Greenberg Traurig timekeepers is also shown. The discounted rates the University contracted to pay are reasonable rates for sophisticated Lanham Act and related intellectual property litigation matters in federal court in Central Florida.

WHEREFORE, the University respectfully request that the Court: (i) award the University **$18,792.00** in reasonable attorneys' fees; (ii) order the award payable no later than 21 days from entry of the Court's Order on this Motion; and (iii) such other and further relief the Court deems just and appropriate under the circumstances. [1]

## VERIFICATION

Pursuant to L.R. 7.01(c)(4)(E), I certify that I have fully reviewed the Greenberg Traurig time records and supporting data and that this request for attorneys' fees is well grounded in fact and justified. Counsel charges the rate requested, has reviewed each

---

[1] Discovery disputes with Defendants are ongoing, and thus the University expressly reserves all rights and remedies available under law to seek additional attorneys' fees or costs arising from or related to any ongoing issues arising from the disputes referenced herein including any continued failure to comply with discovery obligations or this Court's orders.

task, and has removed each charge for a task that is excessive, duplicative, clerical, or otherwise unreasonable. The time entry narratives reflected in the annexed Exhibit A appear as they were set forth in the Invoices submitted to the client, the University, without alteration. In order to account for any portions of any time entries as billed that include some limited tasks not directly related to the Motion to Compel at issue, the total amount of fees sought has been reduced by 20%, which is a fair and reasonable approximation of the proportion of the limited unrelated tasks. Additionally, I verify, under penalty of perjury, that the foregoing statements are true and accurate, to the best of my knowledge.

## **CERTIFICATE OF GOOD FAITH CONFERRAL**

Pursuant to L.R. 3.01(g), L.R. 7.01(c)(1), the undersigned certifies that on July 25, 2023 he conferred with Defendants' counsel, Elana G. Faniel, Esq., via email regarding the relief requested herein, who confirmed Defendants do not agree to the relief sought.

Respectfully submitted,

**s/Gregory W. Herbert**
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Stephen G. Anderson
Florida Bar No. 0105697
andersonst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2023, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

**s/Gregory W. Herbert**