UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN
UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., MARY
MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., and
JOHNNY L. MCCRAY, JR.,
Individually,

    Defendants.
_____/

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Pursuant to Fed. R. Civ. P. 34, Plaintiff Bethune-Cookman University, Inc. hereby request that Defendants produce the documents and things requested herein to undersigned counsel, pursuant to the instructions herein and as set forth in **Exhibit "A"** attached hereto, within thirty (30) days from the date of service or such other time as may be agreed to by the parties or ordered by the Court.

### DEFINITIONS

1. "**Plaintiff**" refers to Bethune-Cookman University, Inc.

2. "**Defendants**" refers to DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR.,

1

individually, and any of their local chapters, agents, representatives, officers, directors, shareholders, employees, or any other individuals or entities working for Defendants, or acting on Defendants' behalf or at its direction including, but not limited to, distributors, attorneys, consultants, and independent contractors.

3. "**Lawsuit**" refers to the instant lawsuit.

4. "**Complaint**" refers to the First Amended Complaint in this Lawsuit [ECF No. 33].

5. "**University's Marks**" refers to any trademark rights asserted by Plaintiff in this Lawsuit as defined in the Complaint.

6. "**Documents**" refers to all electronically stored information, papers, books, accounts, letters, photographs, objects, handwritten notes, memoranda, telephone messages, logs, diaries, correspondences, writings, reports, contracts, drawings, graphs, charts, photographs, recordings, data compilations or items from which information can be obtained or translated, and any other tangible things. "Documents" also includes the foregoing in any recorded form, including, but not limited to, electronic mail, computer files, disks, and drives, and specifically incorporates, without limitation, all items referenced in Fed. R. Civ. P. 34(a)(1)(A).

7. "**Communication**" means the transmittal of information (in the form of facts, ideas, questions, opinions, or otherwise) regardless of whether or not the transmission was recorded in any way.

8. "**Concerning**" or "**related to**" means relating to, referring to, pertaining to, describing, mentioning, discussing, commenting on, noting, responding to, supporting, contradicting, evidencing, involving, embodying, substantiating, depicting, suggesting, reflecting, or constituting in whole or in part.

9. The singular includes the plural and vice versa.

10. "**And**" and "**or**" should be read as both conjunctive and disjunctive, and neither shall be interpreted to limit the scope of the Requests.

11. "**Include**" and "**including**" mean "include without limitation" and "including without limitation," respectively.

12. Requests stated in the present tense include the past tense and vice versa.

13. Use of a verb in any tense shall be construed as the use of the verb in all other tenses.

# INSTRUCTIONS

1. In answering the Requests, furnish any and all information in your possession, custody, or control of including, without limitation, information in the possession, custody, or control of your agents, representatives, officers, directors, employees, associates, distributors, attorneys, consultants, investigators, affiliates, partnerships, parents, subsidiaries, and other persons under your control.

2. In the interest of time, before objecting to any request as vague or ambiguous, please contact the undersigned counsel to clarify what was intended by the request.

3. If, in responding to any request, you claim an objection or other basis for not fully responding, respond to all parts of the request to which your objection does not apply and separately state what part of the request is objectionable and what documents or information are being withheld from production. If you are withholding any documents or information that is potentially responsive to any request, please make that fact known explicitly.

4. If you object to any request or part thereof on the basis of a claim of attorney-client privilege, work product protection, or any other claim of privilege or protection, please produce a privilege log.

5. If a request asks for specific information, and you are unable to provide the specific information, then provide as much information as you can and indicate, in your response, that the information being provided is an approximation or is incomplete with respect to the request.

6. Selection, ordering, and numbering of documents from files and other sources should be accomplished so that the source of each document is preserved and may be determined. By way of example, file folders with tabs or labels or directories of files identifying documents should be produced intact with such documents and documents attached to each other should not be separated.

7. **For any and all information responsive to a request that is stored electronically, the electronically stored information shall be produced as described in the enclosed Appendix "A" annexed hereto.**

8. If, after a reasonable and thorough investigation using due diligence, you are unable to fully or completely respond to a request, then specify, in detail, the portion of the request that cannot be responded to fully or completely, the type of documents or information which you allege are not available, the reason the documents or information are not available, and what efforts you have undertaken to locate the documents or information. Also, indicate whether the inability to comply is

3

because a particular document, category of documents, or other information never existed, was never recorded, has been lost, misplaced, stolen, or destroyed, has never been or is no longer in Plaintiff's possession, custody, or control, in which case identify any persons known or believed to last possess the document or information. In addition, indicate what knowledge, information, and beliefs Plaintiff has concerning the unanswered portion of the request including without limitation identifying persons who may have additional information concerning the request.

## DOCUMENTS AND THINGS TO BE PRODUCED

34. All documents that Defendants plan to use or admit at any trial or other evidentiary hearing in this Lawsuit.

35. All documents reviewed, relied upon or referenced during the preparation of answers to any written discovery served in this Lawsuit.

36. All documents and communications concerning any consumer surveys or market analysis related to the University's Marks.

37. All documents concerning any agreement between Plaintiff and any Defendant.

38. All Memoranda of Understanding between Plaintiff and any Defendant.

39. All documents or communications concerning any of the University's Marks.

40. All documents or communications concerning Plaintiff's accreditation with Southern Association of Colleges and Schools Commission on Colleges ("SACS").

41. All communications with any non-party concerning the Lawsuit.

42. All communications with any non-party concerning any of the University's Marks.

43. All documents or communications concerning any Defendants' loss or potential loss of tax-exempt or nonprofit status and any efforts to retain or restore such status.

44. All litigation hold notices or other similar documents designed to preserve evidence relevant to this Lawsuit.

45. All documents concerning any registrations or any applications for registration of any trademarks, service marks, logos, symbols or other marks with any

4

government entity including but not limited to the United States Patent & Trademark Office and the Florida Department of State, Division of Corporations, or any other state or governmental body.

46. All documents of any type submitted to the United States Patent & Trademark Office at any time by any Defendant.

47. All documents depicting any use of the mark BETHUNE-COOKMAN.

48. All documents depicting any use of the mark FLORIDA CLASSIC.

49. All documents depicting any use of the following mark, or any variants thereof:



50. All documents depicting any use of the terms "HEAD," "HEART," and "HAND."

51. All documents depicting any use of the following mark, or any variants thereof, including any depictions of a wildcat:



52. All documents depicting any use of the following mark, or any variants thereof:

5



53. All documents depicting any use of the mark B-CU.

54. All documents depicting any use of the mark BC.

55. All documents depicting any use of the name MARY MCLEOD BETHUNE.

56. All documents depicting any use of the name DR. MARY MCLEOD BETHUNE.

57. All documents depicting any use of the term ALUMNI ASSOCIATION.

58. All documents or communications concerning any right or license to use any of the University's Marks or related to the University's Marks.

59. All documents or communications concerning any affiliation, or lack thereof, between Plaintiff and any Defendant.

60. All documents concerning any marketing, advertising, or solicitations using any of the University's Marks, or any variation thereof, including but not limited to newspapers, magazines, flyers, webpages, social media pages, and audio or visual recordings.

61. All documents or communications concerning any actual or potential confusion, mistake, or deception related to the University's Marks including, without limitation, any studies you have conducted or have been conducted on your behalf.

62. All documents or communications concerning any actual or potential confusion, mistake, or deception related to any affiliation between Plaintiff and any Defendant.

63. All documents or communications concerning any actual or potential confusion, mistake, or deception related to any affiliation, sponsorship or approval of any Defendant by Plaintiff.

64. All documents or communications concerning any communication from any person or entity in which the person or entity indicates that there was any actual or potential confusion regarding any affiliation between any Defendant and Plaintiff.

Respectfully submitted,

**s/Gregory W. Herbert**
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
*Lead Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I served the foregoing document via email to Defendants' counsel Elana Greenway at elana@greenwayfirm.com and Vivian Williams at williavivian@gmail.com.

*s/ Gregory W. Herbert*

**EXHIBIT A**