IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETHUNE-COOKMAN UNIVERSITY,
INC.

    Plaintiff,                                            Case No.: 6:22-cv-47-WWB-DAB

v.

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC., MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC. and JOHNNY L. MCCRAY,
JR., individually,

    Defendants.
_____

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, 30(b)(6)
DEPOSITION, AND ATTORNEYS' FEES**

Defendants hereby respond to Plaintiff's Motion to Compel (Doc. 92), and state as follows:

Plaintiff served its Second Request for Production to Defendants on June 16, 2023. Defendants timely filed their response to their requests on July 17, 2023. On July 28, 2023, the parties met and conferred to further refine the scope of the Plaintiff's Second Request for Production. The summary of the party's conferral is attached as Exhibit A. To date, Plaintiff's counsel has not responded to Defendant's last email correspondence dated August 8, 2023. Instead, on August 29, 2023, Plaintiff filed the present motion to compel.

After Plaintiff's counsel requested to depose the corporate representative of the corporate Defendants, the Defendants designated their Vice President, Michael Shorter,

1

to address non-financial topics. His deposition was taken on August 10, 2023. On August 18, 2023, Plaintiff's counsel requested to depose Anthony Barfield, the Chair of the corporate Defendants' Tech Committee.

## **MEMORANDUM OF LAW**

Once again, Plaintiff has filed the present motion to compel prematurely. During the hearing held on September 1, 2023, Plaintiff's counsel admitted that he had only filed Plaintiff's Motion to Compel because of the imminent discovery deadline. This Motion to Compel has no merit.

On August 9, 2023, Plaintiff served its Third Amended Notice of Rule 30(b)(6) Deposition of the corporate Defendant. *See* the Deposition Notice attached as Exhibit B. Defendants, under Rule 30(b)(6), designated Mr. Michael Shorter, ensuring he was amply prepared for the deposition. His role within the organization grants him a thorough understanding of the matters listed in the deposition notice. A Rule 30(b)(6) deposition is not a memory contest, but the corporation has a duty to designate the appropriate person and prepare them to testify about the subjects. *See QBE Ins. Corp v. Jorda Enters.*, 277 F.R.D. 676, 689 (S.D. Fla. 2012). Mr. Shorter was prepared for the deposition. He reviewed the Defendants' discovery responses, and documents produced in response to Plaintiff's Request for Production. "Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation." *Id.* at 690. The Defendants have met its obligations under the Rules to designate an appropriate and prepared person to address the relevant issues listed in the deposition notice.

Therefore, the Plaintiff is not entitled to costs associated with deposing any purported substitute or additional corporate representative.

In addition, since the Plaintiff first requested to depose Anthony Barfield on August 18, 2023, Defendants' counsel has been working to secure deposition dates, and has discussed this attempt with Plaintiff's counsel on at least two occasions – by phone and by email. Plaintiff filed the present Motion to Compel before Defendants even had a chance to provide proposed deposition dates.

<u>Requests No. 41, 47-52, and 60</u>

As can be seen from Defendants' responses to Plaintiff's Second Request for Production Nos. 41, 47-52- and 60, attached as Exhibit B (Doc. 92-2) to Plaintiff's Motion to Compel, Defendants have fulfilled their duties under the Rules, and have produced documents responsive to those requests.

<u>Requests Nos. 62-64</u>

As can be seen from Defendants' responses to Plaintiff's Second Request for Production Nos. 62-64, no such documents exist within the Defendants' possession, custody, or control.

## **CONCLUSION**

For the foregoing, Defendants respectfully request that this Court enter an order denying Plaintiff's Motion to Compel, deny its request for attorneys' fees and costs associated with the current Motion, and deny any other relief requested by the Plaintiff.

    Respectfully Submitted,

By:   /s/Shaunette Stokes
       Shaunette Stokes, Esq.

3

        Florida Bar No. 109278

        STOKES LAW GROUP, PLLC.
        10150 Highland Manor Drive Suite 200
        Tampa, FL 33610
        Phone: (813) 444-4156 | Fax: (813) 702-1976
        shaunette@stokeslegalcounsel.com
        **Attorney for Defendants**

By:   /s/Elana Greenway Faniel
        Elana Greenway Faniel, Esq.
        Florida Bar No. 0110747
        GREENWAY LAW FIRM, P.A.
        P.O. Box 660
        Lutz, FL 33548
        Phone: (813) 607-6060 | Fax: (813) 607-6071
        elana@greenwayfirm.com
        **Attorney for Defendants**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of September 2023, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and was served upon the following via the CM/ECF system:

Gregory Herbert, Esq., herbertg@gtlaw.com
Stephen Anderson, Esq., andersonst@gtlaw.com
GREENBERG TRAURIG, P.A.
450 S. Orange Avenue, Suite 650
Orlando, FL 32801

        By:   /s/Shaunette Stokes
                  Shaunette Stokes, Esq.