UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:  6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY, INC.,

   Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.; MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR., Individually,

   Defendants.
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SEAL [D.E. 114]

On June 30, 2023, Plaintiff Bethune-Cookman University, Inc. ("the University") filed its Renewed Motion to Compel [D.E. 79] ("Motion"), which the Court granted [D.E. 83; "Order"], awarding reasonable attorney's fees. [*Id*. at 13.] On July 26th, the University filed its Verified Motion for Attorneys' Fees [D.E. 84; "Fee Motion"]. On August 4th, the Court ordered Defendants, jointly and severally, to "pay Plaintiff the amount of $18,792.00 within 30 days."  [D.E. 87 at 3; "Fee Award Order."]  In view of Defendants' failure to comply with the Fee Award Order by the court-imposed deadline, and after repeated, failed attempts to obtain Defendants' compliance or ascertain the grounds for their noncompliance, the University filed its Motion for Contempt [D.E. 104].  On September 22, 2023, Defendants filed their Opposition to Plaintiff's Motion for Contempt [D.E. 113],

1

alleging that compliance with the Fee Award Order would "render the Defendants insolvent." [*Id.* at 2.]

On September 22, 2023, Defendants' counsel requested the University's consent to a proposed Motion to Seal certain unspecified documents relating to Defendants' financial status, presumably to support their contention of Defendants' inability to comply with the Fee Award Order. In response, counsel for the University pointed out that the Fee Award Order is clear that Defendants are **jointly and severally** liable for the Fee Award, and indicated that the University would consent to Defendants' Motion to Seal Defendants' bank statements, "provided those statements reflect (i) the accounts of *all* Defendants, including Mr. McCray; (ii) the accounts of all of Defendants' local chapters; and (iii) bank statements or financial statements reflecting the balance in accounts maintained by Sustaining the Legacy Legal Defense Fund, Inc. or any other legal defense fund for the benefit of Defendants."  See **Exhibit A**.  The University's consent was also "contingent upon [Defendants'] subsequent consent to [the University] filing under seal, to the extent necessary, any additional financial documents produced by Defendants in this case" in order to rebut any limited or distorted financial picture provided by Defendants in their filings. *Id*. In Response, Defendants filed their Motion to Seal [D.E. 114] as opposed.

Defendants have failed to comply with the applicable rules relating to motions to file documents under seal, failed to satisfy the applicable legal standard for the same, and indeed failed to cite any authority addressing the applicable legal standard.  *See, e.g.*, M.D. Fla. Local R. 1.11; *Toms v. State Farm Life Ins. Co.*, 2022 WL 2953523, at *3 (M.D. Fla. July 26, 2022) (describing requirements of L.R. 1.11). The Motion could be denied

2

on these grounds alone.  The University, however, does not oppose sealing Defendants' financial records in principle, it simply takes issue with Defendants' continued failure to abide by this Court's Local Rules and applicable law, the failure to identify which specific documents it seeks to seal, and with what appears to be a pretext for presenting a selective, distorted financial picture of only two of the Defendants' resources (the nonprofit corporate Defendants) when all three Defendants are liable for the Fee Award.

Counsel for the University, Stephen G. Anderson, indicated the University's consent to the Motion to Seal provided Defendants file all documents relevant to Court's determination of whether Defendants can comply with the Fee Award Order, which includes documents reflecting Defendant McCray's financial status, the financial status of Defendants' local chapters (all of which maintain their own bank accounts), and any funds raised on behalf of Defendants by Sustaining the Legacy Legal Defense Fund, Inc., which was specifically established by members of Defendants' Board and other Committee Chairs to "assist the Dr. Mary McLeod Bethune National Alumni Association, Inc. ("MMBNAA") . . . in paying legal fees, court costs, litigation costs, judgments, fines, etc., in the pending federal trademark infringement lawsuit."  See **Exhibit B** (screenshots from the website located at the URL https://www.stl-legaldefense.com/; accessed September 27, 2023).[1]

Accordingly, the University respectfully requests the Court either deny the Motion in its current form, or grant the Motion on the condition that Defendants submit documents

---

[1]Further, the University has requested Defendants to identify specifically which financial records they seek to file under seal, but as of the time of this filing, has not received a response. Upon review of whatever documents Defendants seek to seal, which it appears will seek to present an incomplete and selective financial picture, the University will likely

3

reflecting the financial status of all Defendants, their local chapters, and Sustaining the Legacy Legal Defense Fund, Inc., so the Court may fully evaluate Defendants' ability to comply with the Fee Award Order without the need for still further motion practice.

Respectfully submitted,

*s/Gregory W. Herbert*
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Stephen G. Anderson
Florida Bar No. 0105697
andersonst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone No. (407) 420-1000
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on September 29, 2023, the foregoing was electronically filed with the Court by the CM/ECF system, which will send a notice to counsel of record.

*s/Gregory W. Herbert*

---

seek to file additional records produced by Defendants in the interests of true transparency.

4