UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:  6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY,
INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC.; MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC., and JOHNNY L. MCCRAY, JR.,
Individually,

    Defendants.
_____/

## JOINT NOTICE REGARDING STATUS OF CONFERRAL RELATING TO MOTION TO COMPEL [D.E. 92]

Pursuant to the Court's Order [D.E. 123], Plaintiff, Bethune-Cookman University, Inc. ("Plaintiff"), together with Defendants Dr. Mary McLeod Bethune National Alumni Association, Inc., Mary McLeod Bethune National Alumni Association, Inc., and Johnny L. McCray, Jr. (collectively "Defendants"), by and through their undersigned counsel, jointly and respectfully submit this Joint Notice.

On October 24, 2023, the Court directed the parties to file a joint notice to update the Court on the status of the ongoing conferral relating to Plaintiff's Motion to Compel [D.E. 92], including "when conferral occurred, how it occurred, and the status of the conferral, document collection, and scheduling of the requested deposition."  [D.E. 123.]

Undersigned counsel for Plaintiff, Gregory W. Herbert and Stephen G. Anderson, and paralegal Michelle Alverson, conferred with counsel for Defendants, Elana Greenway

Faniel and Shaunette Stokes on October 26, 2023 at 10:00 a.m. via zoom. The call lasted approximately 53 minutes (the "Conferral").

**Plaintiff states** that since the filing of the Motion to Compel [D.E. 92], Defendants have not produced documents responsive to Requests for Production Nos. 41, 47-52, 60, and 62-64, which are referenced in the Motion to Compel. During the Conferral, Defendants' counsel indicated that (i) Defendants' objections to the discovery requests dated July 17, 2023 [*see* D.E. 92-2] are an accurate reflection of Defendants' position on the matter and no objections will be withdrawn; (ii) that all documents responsive to Request Nos. 47-52, 60 have been produced; and (iii) that no documents responsive to Request Nos. 62-64 exist.

When Plaintiff's counsel asked Defendants' counsel to describe the steps taken to search for and collect responsive documents to confirm that no additional responsive documents exist, Defendants' counsel declined to describe any document collection efforts, but confirmed no computers or emails have been searched and an e-discovery vendor was not utilized to search for any documents that are the subject of the Motion to Compel.  Defendants' counsel also indicated that the Court's Order [D.E. 123] did not contemplate the need for the parties to discuss Defendants' document collection efforts, and thus Defendants' counsel declined to describe or provide details of any effort to search for or collect documents responsive to the requests that are the subject of the Motion to Compel, and took the position that the Court's prior Order [D.E. 99] requiring Defendants to engage an e-discovery vendor was limited solely to the collection and production of Constant Contact emails and Facebook pages - not documents responsive to any other requests for production, such as those that are the subject of the pending

2

Motion to Compel [D.E. 92]. Plaintiff's counsel advised of its disagreement with this position and that Plaintiff believes that Defendants are obligated to utilize the e-discovery vendor to search for documents responsive to the requests set forth in the Motion to Compel, or to otherwise describe the methodology utilized to search for and collect responsive documents. Plaintiff's counsel asked Defendants' counsel to describe what efforts have been undertaken by the e-discovery vendor to date to respond to the directives in the Court's prior Order [D.E. 99], including identifying proper custodians and search terms, but Defendants' counsel declined to describe any such efforts or processes.

Plaintiff's counsel advised Defendants' counsel that several of the requests that are the subject of the Motion to Compel (for example, Request Nos. 41, 47-52, and 60) almost certainly overlap with Plaintiff's prior requests for Defendants' emails or social media content, that Defendants were already ordered to produce in D.E. 99 (but have yet to produce), and that therefore Plaintiff is further entitled to understand what efforts have been made to date by Defendants' e-discovery vendor, or otherwise by Defendants or counsel, to search for and collect potentially responsive emails or other documents. Plaintiff's counsel pointed out, for example that Request No. 41 (seeking Defendants' communications to third parties about the claims in this lawsuit), and Request Nos. 47-52, and 60, (documents reflecting Defendants' use of Plaintiff's marks, such as Defendant McCray's email at D.E. 86-3, falsely signed as "President, Bethune-Cookman University"), or Request Nos. 62-64 (seeking any communications regarding confusion), almost certainly overlap with or would likely be included within the emails Defendants were already ordered to produce with the assistance of an e-discovery vendor in D.E. 99.

Plaintiff's counsel disagreed and declined to provide any detail regarding any efforts to search for, gather, collect or produce any documents responsive to any of the requests that are the subject of the Motion to Compel or responsive to D.E. 99.

The parties have tentatively scheduled the 30(b)(6) deposition of Mr. Anthony Barfield for November 6, 2023. Plaintiff served a deposition notice pursuant to Rule 30(b)(6) identifying several topics, and have asked Defendants to identify the specific topics for which Mr. Barfield will be designated as the corporate representative. Counsel for Plaintiff and Defendants agreed that Mr. Barfield's deposition should not proceed until at least 3 business days after Defendants have produced the Constant Contact emails as ordered by the Court [D.E. 99], due to Mr. Barfield's knowledge related to those emails. Defendants indicated that they could not at this time provide a firm date by which the Constant Contact emails would be produced.

**Defendants state** that there was no ongoing conferral regarding Plaintiff's Motion to Compel (Doc. 92) until the Court ordered such conferral. The Plaintiff's custom is and has always been to seek this Court's intervention prior to having a substantive and good faith meeting with Defendants' counsel. Moreover, Plaintiff's statement above is rife with misrepresentations of the conversation had between Plaintiff and Defendants' counsel, which is also not surprising. With that being said, Defendants' counsel did meet with Plaintiff's counsel via Zoom on October 26, 2023. However, that meeting was not productive. As stated in Defendants' Response to the present Motion to Compel (Doc. 105), Defendants' responses to Plaintiff's Second Request for Production are very clear. Regarding Request No. 41, Defendants object to the relevancy of this request which seeks "communications with any non-party concerning the [l]awsuit". However,

4

Defendants still produced documents responsive to that request. Requests Nos. 47-52 request all documents depicting any use of the Plaintiff's trademarks. Defendants emphasize that every single one of those requests are overbroad. In addition, Defendants' responses to each of those requests were that documents responsive to those requests were already produced in response to Plaintiff's First Request for Production Nos. 9, 11, 12, and 24. The only documents and things that are outstanding are the Facebook posts responsive to Request. No. 11, and the Constant Contact emails responsive to Request No. 9. The other documents have been produced. Request No. 60 is overbroad as well, but in their Response, Defendants state that documents responsive to that request were already produced in response to Plaintiff's First Request for Production Nos. 11 and 12. The only documents and things that are outstanding are the Facebook posts responsive to Request. No. 11.

Defendants' counsel has conferred with Plaintiff's counsel at least three times by phone regarding the regrettable delay of Defendants' e-discovery vendor in retrieving the Constant Contact emails and Facebook posts. Defendants are working diligently to not only collect, but to produce that documentation on or before Monday, October 30, 2023.

Regarding Plaintiff's Requests Nos. 62-64, Defendants reiterate their response that after a diligent search, Defendants found no responsive documents in their possession, custody, or control.

Lastly, Anthony Barfield's deposition has been tentatively scheduled. However, after Plaintiff specifically requested to depose Anthony Barfield relating to the Defendants' general marketing efforts, and Defendants working to schedule such deposition, Plaintiff served Defendants with a Fourth Amended Notice of a Rule 30(b)(6) Deposition of the

corporate Defendants, listing topics clearly unrelated to the topics Plaintiff's counsel had previously communicated to Defendants' counsel. Such a ploy is nonsensical and wastes the time and resources of the parties.

However, Defendants respect this Court's time and resources, and will continue to attempt to resolve any good faith discovery disputes with Plaintiff, and to fulfill their discovery obligations.

Respectfully submitted,

| *s/Gregory W. Herbert* | *s/Shaunette Stokes* |
|---|---|
| Gregory W. Herbert | Shaunette Stokes |
| Florida Bar No. 0111510 | Florida Bar No. 109278 |
| herbertg@gtlaw.com | shaunette@stokeslegalcounsel.com |
| Stephen G. Anderson | **STOKES LAW GROUP, PLLC.** |
| Florida Bar No. 0105697 | 10150 Highland Manor Drive Suite 200 |
| andersonst@gtlaw.com | Tampa, FL 33610 |
| **GREENBERG TRAURIG, P.A.** | Telephone No. (813) 444-4156 |
| 450 S. Orange Avenue, Suite 650 | |
| Orlando, Florida 32801 | *s/Elana Greenway Faniel* |
| Telephone No. (407) 420-1000 | Elana Greenway Faniel |
|  | Florida Bar No. 0110747 |
| *Counsel for Plaintiff* | elana@greenwayfirm.com |
|  | **GREENWAY LAW FIRM, P.A.** |
|  | P.O. Box 660 |
|  | Lutz, FL 33548 |
|  | Telephone: (813) 607-6060 |
|  | |
|  | *Counsel for Defendants* |

## CERTIFICATE OF SERVICE

I certify that on October 27, 2023, the foregoing was electronically filed with the Court via the CM/ECF system, which will send a notice to counsel of record.

*s/Gregory W. Herbert*