UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 6:22CV0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY, INC.

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL
ALUMNIS ASSOCIATION, INC., MARY MCLEOD
BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,
And JOHNNY L. MCCRAY, JR. Individually,

    Defendants,
_____/

## NON-PARTY SUSTAINING THE LEGACY LEGAL DEFENSE FUND, INC.'S OBJECTION TO AND MOTION TO QUASH DOCUMENT SUBPOENA

Sustaining the Legacy Legal Defense Fund, Inc, ("The Fund"), which is not a party to this case, hereby objects to and moves to quash the subpoena directed to it which was issued by the Plaintiff, Bethune-Cookman University, Inc., and received by The Fund on October 4, 2023.[1]  A copy of the subpoena is attached hereto as Exhibit "A". The grounds for the objection and motion is as follows:

---

[1] Counsel for the Plaintiff has granted an extension of time for the non-party to respond.

1. Sustaining the Legacy Legal Defense Fund, Inc., ("The Fund") is a non-profit Florida Corporation devoted to the cause of raising funds to defray the cost of the Dr. Mary McLeod Bethune National Alumni Association, Inc.'s ("MMBBAA"), one of the Plaintiff's herein, legal fees, court costs and litigation costs. It is a 501(c)(3) organization under the U.S. Internal Revenue Code. See the Declaration of Percy L. Williamson, Sr. (Exhibit "B" hereto)

2. The Fund was incorporated a few months ago, June 2023. It is not a party to this case, and only relationship to the case is that it raises money to assist MMBBAA defend itself in this trademark infringement case. See the Declaration of Percy L. Williamson, Sr. (Exhibit "B" hereto)

3. The Fund is independent of the MMBBA and not administered nor controlled by the MMBBAA. See the Declaration of Percy L. Williamson, Sr. (Exhibit "B" hereto)

4. The non-party subpoena purports to require production of financial records from January 1, 2023 until present, including the names of the donors. In general terms the subpoena attempts to compel the organization to turn over its financial records in a trademark infringement case in which it is not a party.

5. First, the subpoena seeks documents which are outside the general scope of permissible discovery under Fed. R.Civ.P. 26(b)91). As the Court is aware, that rule sets the outside limits of discovery as follows:

> "…Parties may obtain discovery regarding any nonprivileged matter that is **relevant** to any party's claim or defense and <u>proportional to the needs of the case,</u> considering the importance of he issues at stake in the action, the amount in controversy, <u>the parties' relative access to relevant information</u>, the parties' resources, <u>the importance of the discovery in resolving the issues</u>, and <u>whether the burden or expense of the proposed discovery outweighs its likely benefit</u>.

The issue in this case is whether the Defendants MMBBAA, and its President, Johnny L. McCray, Jr., infringed upon its trademark and other intellectual properties. The Funds finances and to whom it gives money voluntarily to in fulfilling its mission are simply not relevant to this case in any way.

To the extent that the Plaintiff argues that it is relevant as to MMBBAA's ability to pay attorney's fees at this juncture of the case is irrelevant as well. The Fund is not required to give MMBBAA anything. It may choose to do so or it may not choose to do so. They are two separate organizations without interlocking directors. Quite simply, The Fund's ability to pay is not the same as MMBBAA's ability to pay. An analogy would be one

sibling assisting another sibling financially; however, just because the other sibling gets a speeding ticket does not obligate the other to pay for it.

6. Secondly, the subpoena is also due to be quashed under Fed. R. Civ. P. 45(d)(iii) because compliance with the subpoena would require disclosure of privileged or other protected matter. Each donor has given with an expectation that their names would not be disclosed. Each donor is due privacy and non-disclosure of their names. The United States Constitution guarantees a right to associate. See, e.g., *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984); *National Association for the Advancement of Colored People v. Alabama*, 357 U.S. 449, 460-61(1958). The Fund has demonstrated that the disclosure of the sought information poses a chilling effect upon those who choose to contribute to the Fund or become members.

**WHEREFORE**, the Fund prays for an order quashing the subject subpoena.

### Local Rule 3.01(g) Certification

I hereby certify that the undersigned has conferred with opposing counsel who opposes the Motion.

Dated: November 1, 2023    Respectfully submitted,

                                          **SIMMONS, FINNEY & WINFIELD, LLC**
                                          Attorneys for non-party
                                          Sustaining The Legacy Legal Defense Fund, Inc.

1961 SW Park Place, Suite 202
Port St. Lucie, FL 34986


_/s/ Linnes Finney, Jr._
LINNES FINNEY, JR., ESQ.
Florida Bar No. 353671
lfinney@sfwlegalteam.com
T: (772) 873-5900
F: (772) 873-3101


## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

**SIMMONS, FINNEY & WINFIELD, LLC**
Sustaining The Legacy Legal Defense Fund, Inc.
1961 SW Park Place, Suite 202
Port St. Lucie, FL 34986
T: (772) 873-5900
F: (772) 873-3101


_/s/ Linnes Finney, Jr._
LINNES FINNEY, JR., ESQ.

Exhibit "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| BETHUNE-COOKMAN UNIVERSITY, INC. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22cv0047-WWB-RMN |
| DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Sustaining The Legacy Legal Defense Fund Inc.; c/o Pinnacle Signature Group, Inc., Registered Agent
927 Beville Road, Suite 109, South Daytona, FL 32119

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| Place: Greenberg Traurig LLP, Email: herbertg@gtlaw.com 450 South Orange Avenue, #650, Orlando, FL 32801 | Date and Time: 10/20/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/31/2023  1:13p

A.O # 509
M.DATE:○
TIME:○

CLERK OF COURT                                OR           /s/ Gregory Herbert

*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Bethune-Cookman University, Inc., who issues or requests this subpoena, are:

Gregory W. Herbert, Greenberg Traurig LLP, 450 South Orange Ave. Ste 650, Orlando, FL 32801, herbertg@gtlaw.com

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22cv0047-WWB-RMN

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## I. DEFINITIONS

1. "**Plaintiff**" refers to Bethune-Cookman University, Inc.

2. "**Defendants**" refers to DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR., individually, and any of their local chapters, agents, representatives, officers, directors, shareholders, employees, or any other individuals or entities working for Defendants, or acting on Defendants' behalf or at its direction including, but not limited to, distributors, attorneys, consultants, and independent contractors.

3. "**Lawsuit**" refers to Case No. 6:22-cv-0047-WWB-RMN pending in The United States District Court for the Middle District of Florida, Orlando Division.

4. "**Complaint**" refers to the First Amended Complaint in this Lawsuit [ECF No. 33].

5. "**Documents**" refers to all electronically stored information, papers, books, accounts, letters, photographs, objects, handwritten notes, memoranda, telephone messages, logs, diaries, correspondences, writings, reports, contracts, drawings, graphs, charts, photographs, recordings, data compilations or items from which information can be obtained or translated, and any other tangible things. "Documents" also includes the foregoing in any recorded form, including, but not limited to, electronic mail, computer files, disks, and drives, and specifically incorporates, without limitation, all items referenced in Fed. R. Civ. P. 34(a)(1)(A).

6. "**Communication**" means the transmittal of information (in the form of facts, ideas, questions, opinions, or otherwise) regardless of whether or not the transmission was recorded in any way.

7. "**Concerning**" or "**related to**" or "**relating to**" means relating to, referring to, pertaining to, describing, mentioning, discussing, commenting on, noting, responding to, supporting, contradicting, evidencing, involving, embodying, substantiating, depicting, suggesting, reflecting, or constituting in whole or in part.

8. The singular includes the plural and vice versa.

9. "**And**" and "**or**" should be read as both conjunctive and disjunctive, and neither shall be interpreted to limit the scope of the Requests.

10. "**Include**" and "**including**" mean "include without limitation" and "including without limitation," respectively.

11. "**You**" and "**Your**" means Sustaining the Legacy Legal Defense Fund, Inc.

12. Requests stated in the present tense include the past tense and vice versa.

13. Use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## II. INSTRUCTIONS

1. For any and all information responsive to a request that is stored electronically, the electronically stored information shall be produced as described in the enclosed Appendix "A" annexed hereto.

## III. DOCUMENTS AND THINGS TO BE PRODUCED

1. Your monthly bank statements from January 1, 2023 to the present.

2. Your financial reports or other financial records created or modified after January 1, 2023.

3. Documents reflecting Your total revenue and assets from January 1, 2023 to the present, including but not limited to any spreadsheets, files, data, and reports.

4. All records relating to any donations, contributions, or other funds received including but not limited to via the website https://www.stl-legaldefense.com/.

5. Communications between You, Your officers, directors, or members, and Defendants and any of their respective officers, directors, members, chapters, former chapters, and affiliates, from January 1, 2023 to the present, relating to this Lawsuit or Your solicitation or receipt of funds and any financial transactions with Defendants.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 6:22CV0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY, INC.

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL
ALUMNIS ASSOCIATION, INC., MARY MCLEOD
BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,
And JOHNNY L. MCCRAY, JR. Individually,

    Defendants,
_____/

## DECLARATION OF PERCY L. WILLIAMSON Sr.

I, Percy L. Williamson, pursuant to 28 U.S.C.A. §1746 (pertaining to declarations), declare under penalty of perjury that the following statements by me are true and correct to the best of my knowledge:

1. I am Percy L. Williamson Sr., and I am over the age of nineteen (19) years and in no way disqualified from making this declaration, which is made from personal knowledge.

2. I am the incorporator, President and Chairman of Sustaining the Legacy Legal Defense Fund, Inc. ("The Fund"), a non-for-profit Florida corporation.

3. The Fund's Articles of Incorporation were filed on June 15, 2023, with an effective date of June 10, 2023.

4. The Fund, an IRS approved tax-exempt 501(c)(3) non-profit organization was established to assist the Dr. Mary McLeod Bethune National Alumni Association, Inc. ("MMBBAA") in paying legal fees, court costs and litigation costs in the pending federal trademark infringement lawsuit.

5. None of the Board members of MMBBAA are officers or directors in the Fund.

6. The Fund is independent of the MMBNAA and is not administered nor controlled by the MMNBA.

7. Although members, none of The Fund's Board of Directors are involved in or with the litigation in the trademark infringement lawsuit.

8. Plaintiff, Bethune-Cookman University, Inc, is attempting to seek our records, which necessarily includes the names of our donors.

9. Other than support the Plaintiff's financially, The Fund is not involved in the trademark infringement lawsuit.

10. Revealing the identities of our donors invades their privacy.

11. Revealing the identities of our donors operates as a chilling effect with respect to our future ability to raise funds.

12. Our website and through our solicitation of donors we expressly advise our potential donors that "No disclosure of names of donors will be made public unless requested to do so by the individual donor."

13. I have reviewed the nonparty subpoena issued by the Plaintiff and it is irrelevance to the federal trademark infringement issues in the lawsuit.

14. Without doubt, compliance with the subpoena would have a chilling effect upon citizens who choose to exercise their constitutional rights in giving to non-profit organizations without fear of retaliation.

15. For these reasons, The Fund respectfully urge the Court to quash the subpoena in its entirety.

Signed this 1st day of November, 2023.

By: _____
Percy L. Williamson, Sr.



# SIMMONS, FINNEY & WINFIELD, LLC

## LAWYERS MAKING A DIFFERENCE

October 25, 2023

Linnes Finney Jr, Esq.　　　　　　　　　　1961 SW Park Place, Suite 202
　　　　　　　　　　　　　　　　　　　　Port St. Lucie, FL 34986
　　　　　　　　　　　　　　　　　　　　lfinney@sfwlegalteam.com
　　　　　　　　　　　　　　　　　　　　(772) 873-5900

mcdc.williamson@gmail.com
Sustaining the Legacy Legal Defense Fund, Inc.
c/o Mr. Percy L. Williamson Sr., Chairman

RE: Bethune-Cookman University, Inc v. Dr. Mary McLeod Bethune National Alunmni Associaiton, Inc.
Middle District of Florida:  No. 22cv0047-WWB-RMN

Dear Mr. Williamson:

We are pleased that you have retained us in connection with representation of you with respect to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action served upon the organization by the Plaintiffs in the referenced case. I will serve as lead counsel, unless agreed otherwise, and the Firm will provide any legal services necessary in that role. This letter will govern the work to be performed by us with respect to the before stated matters as well as all other legal work (and related costs) accomplished by the Firm for you ("the Client"), unless a different fee and cost arrangement for such work is agreed upon in writing by the parties.

This letter and the Firm's Standard Fee Addendum ("Addendum"), attached hereto, describe the basis on which our Firm will provide legal services to the Client and bill for those services.

1. **Attorney in Charge**: The undersigned attorney of the Firm will be the "Attorney in Charge" of the Client's legal matters. Although other attorneys may be involved in handling your matters, please always feel free to contact me with any questions or comments you may have with respect to your relationship with the Firm.

2. **Fees**: Fees will be based upon our standard hourly rates as more fully described in the Addendum. While my standard hourly rate is $495, you will receive a courtesy discount and I will charge you only $400.00 per hour. Should other attorneys in the Firm be needed to work on the file, the hourly may differ, but a similar discount will still be

given. Rates are usually adjusted in January. Billing will be monthly, unless Court approval is required for payment. Out of pocket expenses will be addressed in Section 4 of this letter.

3. **Retainer**: You will pay a retainer of **$3,500.00**.

4. **Cost Deposit**: You will not be required to pay a cost deposit.

The retainer may be paid electronically by debit/credit card or by electronic check by going to our firm's website: sfwlegalteam.com. Click on the **PAY RETAINER** button at the top of the website page and follow the instructions paying by electronic check, debit or credit card. Please be sure to reference the matter number:

**10-23-2350 and/or Sustaining the Legacy Legal Defense Fund, Inc.**

This letter constitutes the "Accompanying Letter" described in the Addendum and, together with the Addendum, constitutes the arrangement upon which we have agreed to undertake representation of the legal matters described in this letter. Please review the foregoing. If the arrangement described in this letter and the Addendum are not acceptable to you in all respects, please let us know. If it meets with your approval, kindly sign the Authorization to Perform Services (Authorization"). This letter and the Authorization, and the Addendum will constitute the arrangement between you and the Firm with respect to the matters set forth herein.

Thank you for retaining us and we look forward to continuing to work with you. I am

Sincerely yours,

SIMMONS, FINNEY & WINFIELD, LLC

Linnes Finney, Jr.

Linnes Finney Jr, Esq.

10-23-2350

I agree to terms: _____   Date: 10/23/2023

Percy L. Williamson, Sr., Individually and o/b/o Sustaining the Legacy Legal Defense Fund, Inc.