| | |
|---|---|
| **From:** | Shaunette Stokes |
| **To:** | Anderson, Stephen G. (OfCnl-ORL-IP-Tech) |
| **Cc:** | elana@greenwayfirm.com; Castro, Paula (LSS-Orl-LT); Alverson, Michelle (Para-Orl-CP-LT); Herbert, Gregory W. (Shld-Orl-LT-IP) |
| **Subject:** | Re: SERVICE OF COURT DOCUMENT, Case No. 6:22-cv-00047-WWB-RMN |
| **Date:** | Monday, November 6, 2023 4:23:33 PM |

Dear Counsel,

I am writing in response to your email dated November 2, 2023, regarding the ongoing discovery disputes in the above-captioned matter. Please be advised of the following clarifications and updates to your enumerated points:

Regarding the searching of computers. As clarified during the hearing on November 3, 2023, the Defendants have conducted reasonable searches on devices that are accessible to them. Any implication that we have not complied with the Court's directives in this regard is a misapprehension. We have taken reasonable steps to collate and produce documents that are within the Defendants' custody and control, and we remain committed to ongoing compliance with discovery obligations.

As to the verification requirement under penalty of perjury, it applies to all supplemental responses, not just the first. We have and will continue to take all necessary steps to identify, collect, and produce responsive documents, as per the Court's orders.

Concerning the production of social media accounts, we are making diligent efforts to access and produce the data from at least 10 chapter Facebook accounts. We anticipate completing this task within the timeframe previously discussed. Regarding direct messages, our stance is consistent with the Court's order, and we will address any specific concerns you have in this regard through the appropriate channels.

We acknowledge the oversight regarding the X (formerly Twitter) account. We will take corrective measures to ensure that any relevant and responsive information from this account is produced.

Addressing your points on our Third RFPs:

RFP 65: The relevant time period for tax returns is indeed 2021 to the present. The production of earlier tax returns is not warranted due to their irrelevance to the current matter.

RFP 66: We are working to provide the missing bank statements promptly. The inability to access "inactive" chapters' bank accounts is a matter of fact, not a refusal to comply. We will provide a detailed account of this in a signed supplemental discovery response as soon as possible.

**EXHIBIT D**

RFP 67: If there has been any confusion regarding the production of documents, we will endeavor to clarify and provide Bates numbers for documents already produced, as required by the Court's directive.

Regarding RFP 69 and the issue of the privilege log, we acknowledge that there was an inadvertent retention of original privileged language in our response due to an oversight after consulting with co-counsel Greenway-Faniel. We have produced the documents as received from our client. To rectify this situation, we are currently undertaking further discussions with our client to ensure that all documents relative to this request, excluding those legitimately privileged, are disclosed. We will provide a properly revised privilege log along with any additional documents that are identified during this process.

For RFPs 68-73, 78, and 79, we will furnish the Bates numbers for previously produced documents and ensure that any confusion is rectified.

As to RFP 74, we are conducting a thorough search to ensure that any additional responsive documents in our possession are produced within the stipulated time.

Regarding RFPs 75-77, we are in discussions with our client to identify and produce the necessary documents.

In light of the Court's ruling on November 3, 2023, regarding our Fourth RFPs, we are reassessing the relevance of the requested documents and will be conferring with our client to ensure compliance with the Court's position.

We appreciate your patience and cooperation as we work through these complex discovery issues. We will continue to provide updates and supplemental productions as necessary.

Please feel free to contact me if you wish to discuss any of these matters further.

Best regards,



**Shaunette Stokes, Esq.**
Managing Partner
Stokes Law Group, PLLC
10150 Highland Manor Drive, Suite 200
Tampa, Florida 33610
P: (813) 444-4156
F: (813) 702-1976

EXHIBIT D

**Please be advised that our office only accepts calls on an appointment basis.**

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute it. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

On Thu, Nov 2, 2023 at 8:08 PM <andersonst@gtlaw.com> wrote:
> Counsel,
>
> Below is a summary of our meet and confer telephone conference of November 2, 2023.  If anything here is inaccurate, please let us know as soon as possible.
>
> Regarding Defendants' production of emails sent via Constant Contact, you indicated that the PDF form in which the documents were produced, which do not include the date sent or the recipient, are the only form available from Constant Contact, and that these emails are not stored or otherwise available in their native form from Constant Contact.  You indicated that you did not search for the responsive emails in the computers or email accounts of any of Defendants board members or other members, and that you are not obligated to do so.  You also took the position that the Court's order requiring verification, under penalty of perjury, only applied to the first supplemental response ordered by the Court.  You again declined to provide any information regarding steps taken by Defendants to identify, collect, and produce responsive documents.
>
> Regarding the production of Defendants' social media accounts, you indicated that you have not been able to produce social media pages and data from Defendants' chapters because of difficulty accessing the accounts.  You indicated that there are at least 10 chapter Facebook accounts that need to be produced, and you would endeavor to produce these within a week.  You also indicated that any direct messages associated with any social media accounts do not need to be produced and were not contemplated by the Court's Order.  You indicated that you were not aware that Defendants operate at least one X (formerly Twitter) account, despite a link to the account being present on Defendants' website.
>
> Regarding our Third RFPs, you indicated the following:
>
> RFP 65:  You indicated the relevant time period is 2021 to the present, and that any prior tax returns are irrelevant and will not be produced by Defendants.
>
> RFP 66:  You indicated that we should receive any missing bank statements within a week, and that Defendants are unable to identify or access any bank accounts for chapters they deem "inactive." You declined to describe any further steps taken to identify and access these accounts, and disputed that you previously agreed to provide a supplemental discovery response, signed by counsel, relating to the inability to identify and access the accounts, however you indicated that you would review your notes on our prior call and get back to us.
>
> RFP 67:  You took the position that the document requests are irrelevant, but have also already been produced.  You declined to provide that Bates numbers of the responsive documents and indicated that we are "capable" of finding and identifying the documents ourselves, despite the Court's prior directive to identify documents previously produced by Bates number or other unique identifier.  Ms. Faniel again

**EXHIBIT D**

declined to provide any information relating to Defendants' efforts to search, identify, collect responsive documents, and declined to respond to the question as to whether Defendants were obligated to confirm if any such efforts have been made, and then hung up the phone at approximately <u>11:29 a.m.</u>

The meet and confer continued with Ms. Stokes as Defendants' sole representative.

RFP 68:  You indicated that you would aim to provide the responsive documents within 2 weeks.

RFP 69:  You indicated that although a privilege log was not produced, that one was prepared and would be produced.

RFP 70-73, 78, 79:  For these requests, and for any other responses indicating documents have previously been produced, we asked that you provide the Bates number for said documents.

RFP 74:  You indicated that Defendants do not have possession of any additional responsive documents, despite third party production in this case suggesting otherwise.  Nonetheless, you will search for and produce responsive documents within a week.

RFP 75-77:  You indicated you would confer with your client to identify and produce responsive documents.

Regarding our Fourth RFPs, you took the position that the documents requested are irrelevant and beyond Defendants' possession, custody, or control, despite the fact that Mr. McCray, individually, is a Defendant in this case and Mr. Percy Williamson, the head of Sustaining the Legacy Legal Defense Fund, Inc., is currently listed on Defendants' website as a member of its executive board.

Again, if anything here is inaccurate, please let us know immediately.  We look forward to Defendants' supplemental production of documents within a week.

Best regards,
Stephen

> On Nov 1, 2023, at 11:09 AM, Elana Greenway Faniel <elana@greenwayfirm.com> wrote:
>
> Sure we can discuss Defendants' supplemental productions and Defendants' response to Plaintiff's 4th RFP on our call as well. Talk to you tomorrow.
>
> On Tue, Oct 31, 2023 at 2:46 PM <andersonst@gtlaw.com> wrote:
>
>> Elana and Shaunette,
>>
>> Thank you for your email.  10:30 am on Thursday works for us.  We will circulate a conference number before the call.

EXHIBIT D

We have also reviewed Defendants' Responses to our Fourth RFPs and Defendants' supplemental production in response to our First RFPs and would like to discuss the deficiencies in these on our call as well.

Regarding the Responses to our Fourth RFPs, Defendants again assert improper boilerplate objections previously deemed insufficient by the Court.  Please withdraw these objections.  Mr. McCray is a Defendant in this matter and his finances are directly relevant to the University's entitlement to damages in this case.  Moreover, Defendants themselves made Mr. McCray's and Sustaining the Legacy Legal Defense Fund, Inc.'s ("STL") finances relevant to the issue of whether Defendants are able to pay the Fee Award by claiming (without evidence and in direct contradiction of the documents produced in this case) that payment of the award would render Defendants insolvent.  The finances of Mr. McCray and STL are also relevant to Defendants' ability to pay any additional fee awards and sanctions imposed by the Court in response to our pending motions for contempt, to compel, and for attorneys' fees.  Moreover, it is apparent that Defendants have the ability to obtain STL's financial records since they were instrumental in establishing STL, which is operated by current and former board members and committee chairs of Defendants.  We are happy to further discuss the relevance of each RFP on our call.

Regarding Defendants' supplemental production of October 30, 2023, we note that Defendants still have not produced a single Constant Contact email or complete Facebook page, as ordered by the Court.  Defendants' production appears to be nothing more than PDF attachments from emails, without any indication as to date sent or the identity of any recipient.  *See* https://www.flmd.uscourts.gov/civil-discovery-handbook/chapter08/e-procedure ("Rule 34(b) establishes that unless requested in another form, the producing party must produce electronically stored information in a form or forms in which it is usually maintained or in a form or forms that are reasonably usable."). We note these PDFs were produced in the same format as the 4 PDF attachments previously produced by Defendants before the Court ordered Defendants to engage an e-discovery vendor.  As previously noted, every recipient of an email from Defendants is a potential witness in this case.  Not a single social media page from any of Defendants' chapters has been produced.  Moreover, Defendants' supplemental responses fail to comply with the Court's directives to provide "a complete and accurate description of the search, collection, review, and production that Defendants performed, including dates such search was performed on, in response to each Request," and "verify, under penalty of perjury, that they have produced all documents in their possession, custody, and control responsive to Plaintiff's Requests."  [D.E. 83 at 10-11.]

We are still reviewing your production and thus we anticipate there will be further issues to discuss by the time of our call, and we reserve the right to raise any and all such deficiencies in the meet and confer call in a good faith attempt to resolve them and avoid the need to further burden the court.

We look forward to discussing these issues on our call.

**EXHIBIT D**

Best regards,

Stephen


**Stephen G. Anderson, Ph.D.**
Of Counsel, Intellectual Property & Technology

Registered Patent Attorney

Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T +1 407.418.2432
andersonst@gtlaw.com  |  www.gtlaw.com

<image001.png>

---

**From:** Elana Greenway Faniel <elana@greenwayfirm.com>
**Sent:** Monday, October 30, 2023 7:16 PM
**To:** Anderson, Stephen G. (OfCnl-ORL-IP-Tech) <andersonst@gtlaw.com>
**Cc:** shaunette@stokeslegalcounsel.com; Castro, Paula (LSS-Orl-LT) <Paula.Castro@gtlaw.com>; Alverson, Michelle (Para-Orl-CP-LT) <alversonm@gtlaw.com>; Herbert, Gregory W. (Shld-Orl-LT-IP) <HERBERTG@gtlaw.com>
**Subject:** Re: SERVICE OF COURT DOCUMENT, Case No. 6:22-cv-00047-WWB-RMN


Stephen,

Do you have time on Thursday (11/2) to discuss? I am available from 10:30-4pm on Thursday.

Thank you,

On Mon, Oct 30, 2023 at 12:32 PM <andersonst@gtlaw.com> wrote:

> Counsel,

<div style="text-align:center;color:red;">**EXHIBIT D**</div>

We still have not received any response to our email of October 24th below requesting your availability for a meet and confer to discuss the deficiencies in Defendants' responses to our Third RFPs. You have repeatedly falsely accused us of failing to meet and confer on discovery issues before filing a motion, yet continuously ignore our requests for your availability. It has been nearly a week since our original request below, and this is our third attempt to obtain your availability.

If we do not hear from you by noon tomorrow, we will have no choice but to file a motion to compel.

Best regards,

Stephen

**Stephen G. Anderson, Ph.D.**
Of Counsel, Intellectual Property & Technology

Registered Patent Attorney

Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T +1 407.418.2432
andersonst@gtlaw.com  |  www.gtlaw.com

<image001.png>

---

**From:** Anderson, Stephen G. (OfCnl-ORL-IP-Tech) <andersonst@gtlaw.com>
**Sent:** Friday, October 27, 2023 5:08 PM
**To:** Shaunette Stokes <shaunette@stokeslegalcounsel.com>; Elana Greenway Faniel <elana@greenwayfirm.com>
**Cc:** Herbert, Gregory W. (Shld-Orl-LT-IP) <HERBERTG@gtlaw.com>; Castro, Paula (LSS-Orl-LT) <Paula.Castro@gtlaw.com>; Alverson, Michelle (Para-Orl-CP-LT) <alversonm@gtlaw.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT, Case No. 6:22-cv-00047-WWB-RMN

Shaunette and Elana,

**EXHIBIT D**

Following up with the email below.  Will you please let us know your availability for a meet & confer?

Best regards,

Stephen

**Stephen G. Anderson, Ph.D.**
Of Counsel, Intellectual Property & Technology

Registered Patent Attorney

Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T +1 407.418.2432
andersonst@gtlaw.com  |  www.gtlaw.com

<image001.png>

---

**From:** Anderson, Stephen G. (OfCnl-ORL-IP-Tech) <andersonst@gtlaw.com>
**Sent:** Tuesday, October 24, 2023 2:06 PM
**To:** Shaunette Stokes <shaunette@stokeslegalcounsel.com>; Elana Greenway Faniel <elana@greenwayfirm.com>
**Cc:** Herbert, Gregory W. (Shld-Orl-LT-IP) <HERBERTG@gtlaw.com>; Castro, Paula (LSS-Orl-LT) <Paula.Castro@gtlaw.com>; Alverson, Michelle (Para-Orl-CP-LT) <alversonm@gtlaw.com>
**Subject:** RE: SERVICE OF COURT DOCUMENT, Case No. 6:22-cv-00047-WWB-RMN

Shaunette and Elana,

We have reviewed Defendants' responses to the University's Third Requests for Production.  As an initial matter, we note that in response to RFP 69, which seeks "[a]ll agendas, minutes, and recordings of Defendants' Board Meetings and any Committee meetings created or modified since September 1, 2021," Defendants indicate that they are "withholding privileged documents responsive to this request and has provided the attached privilege log."  No privilege log was provided, nor was any basis for the claim of privilege provided.  Accordingly, as per applicable law, any such claim of privilege has been waived.  Please confirm Defendants will produce all responsive documents as soon as possible or we will have no choice but to move to compel.

**EXHIBIT D**

Moreover, as a general matter, Defendants' written responses to the RFPs often recite many of the same boilerplate objections previously deemed inadequate by the Court. *See* [D.E. 83]. You should note that the Court's order rejecting Defendants' prior boilerplate objections was part of the basis for the Court's prior Fee Award. If these boilerplate objections are not withdrawn, we will have no choice but to move to compel and seek attorneys' fees against Defendants and/or counsel. Please let us know whether Defendants are willing to withdraw these objections and produce responsive documents.

Regarding RFP 65, which requests Defendants' tax returns for tax years 2016-2023, you indicate that Defendants object to this request "as Plaintiff is already in possession of documents responsive to this request that were not produced by Defendants." The production of any documents by third parties in this case does not alleviate Defendants' obligation to produce the requested documents. Indeed, the Court has already made this clear in its prior Order [D.E. 83]. Other RFP responses from Defendants are also deficient in this same way.

Regarding RFP 66, Defendants indicate they have produced all documents within their possession, custody, or control. As set forth in the attached email of October 20, 2023, this is clearly inaccurate. Notably, we still have not received any response to that email, which points out numerous deficiencies in Defendants' production of bank statements.

Regarding RFP 68, Defendants indicate "[t]he production will be supplemented in the proper PDF format as agreed upon by October 27, 2023." We note that we have never agreed to any extension of time for Defendants to produce documents responsive to our Third RFPs.

Regarding RFP 74, we note that Defendants are improperly withholding documents relating to the loss of their tax-exempt status. These documents must be produced immediately.

In fact, we cannot find a single legitimate basis in any of Defendants' responses to our Third RFPs that justifies Defendants' continued withholding of documents in this case.

In view of this, please let us know your availability this week for a meet & confer to discuss these issues, so that we can work in good faith to avoid the need to burden the Court with further motion practice.

EXHIBIT D

Best regards,

Stephen

**Stephen G. Anderson, Ph.D.**
Of Counsel, Intellectual Property & Technology

Registered Patent Attorney

Greenberg Traurig, P.A.
450 So. Orange Avenue, Suite 650 | Orlando, FL 32801
T +1 407.418.2432
andersonst@gtlaw.com  |  www.gtlaw.com

<image001.png>

---

**From:** Shaunette Stokes <shaunette@stokeslegalcounsel.com>
**Sent:** Monday, October 23, 2023 9:02 PM
**To:** Anderson, Stephen G. (OfCnl-ORL-IP-Tech) <andersonst@gtlaw.com>; Herbert, Gregory W. (Shld-Orl-LT-IP) <HERBERTG@gtlaw.com>; Alverson, Michelle (Para-Orl-CP-LT) <alversonm@gtlaw.com>; Castro, Paula (LSS-Orl-LT) <Paula.Castro@gtlaw.com>
**Cc:** Elana Greenway <elana@greenwayfirm.com>
**Subject:** SERVICE OF COURT DOCUMENT, Case No. 6:22-cv-00047-WWB-RMN


**\*EXTERNAL TO GT\***

| Court: | In the United States District Court for the Middle District of Florida |
|---|---|
| Case Number: | 6:22-cv-47-WWB-RMN |
| Plaintiff(s): | Bethune-Cookman University, Inc. |
| Defendant(s): | Dr. Mary Mcleod Bethune National Alumni Association, Inc., Mary Mcleod Bethune National Alumni Association, Johnny L. McCray |
| Title of document(s) served: | Response to Plaintiff's Third Request for Production. Documents Produced in Compliance with RFP. |
| Sending Attorney's Name: | Shaunette Stokes, Esq. |
| Sending Atty's Phone Number: | 813-444-4156 |

EXHIBIT D

Warmest regards,

**Shaunette Stokes, Esq.**
Managing Partner
Stokes Law Group, PLLC
10150 Highland Manor Drive, Suite 200
Tampa, Florida 33610
P: (813) 444-4156
F: (813) 702-1976

**Please be advised that our office only accepts calls on an appointment basis.**

CONFIDENTIALITY NOTICE: This e-mail message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute it. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.

<image002.gif>

If you are not an intended recipient of confidential and privileged information in this email, please delete it, notify us immediately at postmaster@gtlaw.com, and do not use or disseminate the information.

--

<image003.png><image004.png><image005.png>

**Elana Greenway Faniel, Esq.**
Founder & Attorney
Greenway Law Firm, P.A.

<image006.png> 813-607-6060

<image007.png> elana@greenwayfirm.com

<image008.png> www.greenwayfirm.com

<image009.png> P.O. Box 660, Lutz, FL 33548

EXHIBIT D

CONFIDENTIALITY NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. It is intended only for the addressee(s) named above. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it in any manner. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at (813) 607-6060 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender. Your assistance in correcting this error is appreciated.

--



**Elana Greenway Faniel, Esq.**

Founder & Attorney

Greenway Law Firm, P.A.

813-607-6060

elana@greenwayfirm.com

www.greenwayfirm.com

P.O. Box 660, Lutz, FL 33548

CONFIDENTIALITY NOTICE: This e-mail message and any attachment to this e-mail message contains confidential information that may be legally privileged. It is intended only for the addressee(s) named above. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it in any manner. If you have received this e-mail in error, please notify us immediately by return e-mail or by telephone at (813) 607-6060 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by the sender. Your assistance in correcting this error is appreciated.

**EXHIBIT D**