UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY, INC.,

Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.; MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR., Individually,

Defendants.
________________________________/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY SUSTAINING THE LEGACY LEGAL DEFENSE FUND, INC.'S MOTION TO QUASH SUBPOENA [D.E. 131]**

On October 4, 2023, Plaintiff Bethune-Cookman University, Inc. ("the University") served Sustaining the Legacy Legal Defense Fund, Inc. ("the Fund") with a Subpoena to Produce Documents ("Subpoena"). [*See* D.E. 131 at Exhibit A.] On November 1, 2023, the Fund filed its Objection to and Motion to Quash Document Subpoena [D.E. 131; "Motion to Quash"]. The University hereby opposes the Fund's Motion to Quash.

On August 4, 2023, the Court ordered Defendants to pay $18,792.00 in attorneys' fees to the University within 30 days. [*See* D.E. 87 at 3; "Fee Award Order".] When Defendants refused to comply with the Fee Award Order, the University filed its Motion for Contempt [D.E. 104]. In response, Defendants claimed they are unable to pay the Fee Award. [D.E. 113 at 2 ("[c]omplying with the Order would render the Defendants insolvent").] Defendants then sought the consent of the University to file evidence of their

inability to pay the Fee Award under seal, which the University consented to on the condition that Defendants file information pertaining to the financial status of *all* Defendants, including local Chapters, and information relating to money raised by the Fund to pay Defendants' fees and costs incurred in connection with this case. [D.E. 116 at 2.] When Defendants refused to provide the Court with financial information of their Chapters, Mr. McCray, and the Fund, the University served the Subpoena.

The Fund was established by Mr. Percy L. Williamson, Sr. [*See* D.E. 131, Decl. of Percy L. Williamson, Sr., at ¶ 2.] According to the corporate Defendants' ("MMBNAA") website, Mr. Williamson is currently a member of the MMBNAA's Executive Board. [*See* D.E. 141-5 (excerpt from Defendants' website https://www.mmbnaa.org/executive-board; accessed Nov. 2, 2023).] Documents produced by Defendants in this case suggest the Fund was established at the direction of, and is likely under the control of, Defendants. [*See* D.E. 141 at 3-4.] The Fund solicits financial contributions from donors for the express purpose of "***paying legal fees***, court costs, litigation costs, ***judgments, fines***, etc." in this case. [D.E. 141-8 (excerpt from the Fund's website, https://www.stl-legaldefense.com/; accessed Nov. 6, 2023) (emphasis added); *see also* D.E. 131 at ¶ 1.] Thus, the Fund has information relevant to Defendants' ability to pay the Fee Award.

"District courts have broad discretion in handling discovery matters." *Byte Federal, Inc. v. Lux Vending LLC, et al.*, 2023 WL 7043266, at *2 (M.D. Fla. Oct. 26, 2023) (citing *Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013)). "Unless otherwise limited by court order. . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Accordingly, "[t]he Federal Rules of Civil Procedure

strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). "[T]he party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted." *Byte,* 2023 WL 7043266, at *2 (internal citation omitted).

A subpoena may be quashed or modified if it: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond specified geographical limits; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). A court may also quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential information. Fed. R. Civ. P. 45(d)(3)(B)(i); *see also Byte*, 2023 WL 7043266, at *2. "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Id*. (citing *Indep. Mktg. Grp., Inc. v. Keen*, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012).

In its Motion to Quash, the Fund alleges the documents sought are irrelevant, and that their disclosure would violate the privacy concerns of its donors. [*See* Motion to Quash at ¶¶ 5-6.] As noted, the Fund raises money for the sole purpose of paying for Defendants' litigation expenses, and is closely associated with, and likely under the control of, Defendants. [*See* D.E. 141 at 3-4; D.E. 141-8.] The document requests in the Subpoena are narrowly tailored to obtain information about the Fund's finances and communications with Defendants. Thus, the Subpoena seeks information directly relevant to, among other things, money raised for the benefit of Defendants, any transfer

of money to (or from) Defendants, and thus Defendants' ability to pay the Fee Award.[1]

Regarding the Funds' concern about the privacy of its donors, it is notable that not a single request for documents in the Subpoena specifically seeks the identities of any of the Fund's donors. Moreover, the parties to this case have executed a Confidentiality Stipulation that provides for the designation of documents produced by third parties as confidential, thereby limiting their public disclosure.[2] Nonetheless, the Fund asks the Court to quash the Subpoena on the premise that compliance may cause "a chilling effect upon those who choose to contribute to the Fund or become members," [Motion to Quash at ¶ 6], or subject its donors to "retaliation." [*Id.*, Decl. of Percy L. Williamson, Sr., at ¶ 14]. These concerns are speculative at best, and insufficient under Rule 45 and applicable law. The Fund does not provide any particularized basis for the belief that its donors would either be dissuaded from providing money or otherwise subject to retaliation. Such a contention defies logic and common sense as well, since any donors knowingly provided contributions to help fund a high-profile, contentious federal lawsuit,

[1] The Fund's argument that it "is not required to give MMBNAA anything. It may choose to do so or it may not choose to do so" [Motion to Quash at ¶ 5] is irrelevant to the question of whether the documents sought by the Subpoena are relevant and discoverable. If the Fund chooses not to give Defendants the money it raises, it could implicate civil or criminal remedies. *See, e.g.*, 18 U.S.C.A. §1343 ("Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits . . . any writings . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both.").

[2] Counsel for the Fund was reminded of this fact during the meet and confer relating to the Motion to Quash. Mr. Finney also represents Starks Enterprise, Inc., an entity controlled by Defendants' Treasurer, Ms. LaVaughn Starks, in connection with another subpoena served by the University, was sent the Confidentiality Stipulation, and is aware of the Fund's ability to designate certain documents as confidential thereunder, as he did in response to the Starks subpoena.

that has been the subject of extensive media coverage.[3] Further, the Fund is a tax-exempt, 501(c)(3) organization, which means its tax returns and finances are necessarily a matter of public record. *See* 28 U.S.C. § 6104(b). Any expectation of privacy in these circumstances would be completely unreasonable. Nonetheless, the Fund's conclusory allegations are insufficient for the Fund to meet its burden under Rule 45(d)(3). Moreover, documents produced by Defendants in this case suggest the transfer of money from Defendants to the Fund. [*See* D.E. 141 at 4.] Accordingly, the University respectfully requests the Court deny the Fund's Motion to Quash.

Respectfully submitted,

***s/Stephen G. Anderson***
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Stephen G. Anderson
Florida Bar No. 0105697
andersonst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone No. (407) 420-1000
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on November 8, 2023, the foregoing was electronically filed with the Court by the CM/ECF system, which will send a notice to counsel of record.

***s/Stephen G. Anderson***

[3] *See* Mark Harper, Bethune-Cookman sues its former alumni association, alleging trademark infringement, THE DAYTONA BEACH NEWS-JOURNAL (Jan. 16, 2022 11:10 p.m.), https://www.news-journalonline.com/story/news/2022/01/16/b-cu-files-federal-lawsuit-against-former-national-alumni-association/6523820001/; Mark Harper, B-CU grad establishes legal defense fund for alumni association's fight with university, THE DAYTONA BEACH NEWS-JOURNAL (July 28, 2023 5:58 a.m.), https://www.news-journalonline.com/story/news/education/campus/2023/07/28/bethune-cookman-grad-aims-to-help-legal-defense-of-alumni-association/70473910007/.