# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.; JOHNNY L. MCCRAY, JR.; and MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,

    Defendants.

Case No. 6:22-cv-47-WWB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Non-Party's Objection and Motion to Quash Document Subpoena (Dkt. 131), filed November 1, 2023. On November 8, Plaintiff responded in opposition. Upon consideration, the Motion is due to be denied.

## I. BACKGROUND

On August 4, 2023, the Court ordered Defendants to pay Plaintiff $18,792.00 in attorneys' fees and costs within 30 days. *See* Dkt. 87 at 3 (the "Fee Order"). Upon non-payment of the fee award due to Defendants' incorrect belief that their obligation to pay was stayed by filing an objection to the

District Court,[1] Plaintiff filed a Motion for Contempt (the "Contempt Motion") on September 15, 2023. Dkt. 104. In its Contempt Motion and Court ordered supplemental briefing, Plaintiff attempts to establish as part of its prima facie case for contempt that Defendants have the ability to pay the fee award. *See* Dkts. 104 and 141. In response to the Contempt Motion, and in support of the contention that they do not have the ability to pay the fee award, Defendants argued that "[c]omplying with the fee award would render the Defendants insolvent." Dkt. 113 at 2. At the hearing, the Court ordered the parties to provide supplemental briefing on the sole issue of whether Defendants have the ability to pay a fee award. *See* Dkt. 136.

On October 4, 2023, Plaintiff served a subpoena *duces tecum* to a non-party entity called "Sustaining the Legacy Legal Defense Fund, Inc." (the "Fund"). *See* Dkt. 131 at 6–10. The subpoena requests: (1) monthly bank statements from January 1, 2023, to the present; (2) financial reports or other financial records created or modified after January 1, 2023; (3) documents reflecting the Fund's total revenue and assets from January 1, 2023, to the present; (4) records relating to donations, contributions, and other funds received; and (5) communications between the Fund, the Fund's officers,

---

[1] The Court held a hearing on this matter on November 3, 2023. Dkt. 136. The Motion is currently pending before the undersigned. At the hearing, the Court noted that Defendants' belief that their obligation to comply with the Court's order was stayed was an incorrect assessment of the law.

directors, or members and Defendants and any of Defendants' officers, directors, members, chapters, former chapters, and affiliates from January 1, 2023, to the present, that relates to the lawsuit, the solicitation and receipt of funds and any financial transactions the Fund had with Defendants. *See* Dkt. 131 at 10. The Fund filed the instant motion to quash the subpoena (Dkt. 131), and the matter is ripe for review.

## II.  LEGAL STANDARDS

District courts have broad discretion in handling discovery matters. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1188 (11th Cir. 2013). Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Information within this scope of discovery need not be admissible in evidence to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, the party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. *See Safranek by through Safranek v. Wal-Mart Stores, Inc.*, No. 07-61533-CIV, 2010 WL 11505263, at *2 (S.D. Fla. June 1, 2010) (citations omitted).

Rule 45(d)(3)(A) provides, in part, that upon timely motion, the court must quash or modify a subpoena that (i) fails to allow a reasonable time to

comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A). The court may also quash or modify a subpoena if it requires the disclosure of a trade secret or other confidential information, or it discloses an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party to the litigation. *See* Fed. R. Civ. P. 45(d)(3)(B). The party seeking to quash or modify the subpoena bears the burden of establishing at least one of the above requirements. *Indep. Mktg. Grp., Inc. v. Keen*, No. 3:11-cv-447, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012).

### III.  ANALYSIS

The Fund argues that the subpoena requests information that is not relevant to any claim or defense in this trademark infringement case—a case they are not a party to. It argues that compliance with the subpoena would require disclosure of privileged or other protected matter and that the disclosure of such information would pose a "chilling effect" on donors who choose to contribute to the Fund or become members. Dkt. 131 at 1–4. In response, Plaintiff points out that the Fund's sole purpose is to raise money to pay the legal fees of Defendants in this matter and that the Fund is closely

associated with—and likely under the control of—Defendants. Dkt. 143 at 3. Additionally, Plaintiffs argue that the subpoena seeks information directly relevant to money raised for the benefit of Defendants' legal fees, an issue that has been made relevant by the Defendants' failure to comply with this Court's previous Fee Order. *Id.* at 4. Finally, Plaintiffs state that any privacy concerns regarding the disclosure of what the Fund calls "privileged or other protected matter" are relieved by the confidentiality stipulation the parties entered into in this matter. *Id.* at 4.

The Fund's motion is not well taken. The undersigned has reviewed the subpoena in question and is confident that the document and information requests are narrowly tailored to the issues surrounding Defendants' ability to pay the previously ordered fee award. Because the Fund itself states that its purpose as an entity is to raise funds to help Defendants pay their legal fees in this matter (*See* Dkt. 131 at 2), the Defendants' ability to pay the fee award is directly linked to the Fund's financial status.[2] Moreover, the Court is satisfied that the parties' Confidentiality Stipulation that provides for the designation of certain documents as "confidential" limits any privacy concerns the Fund

---

[2] The Fund's argument that it is not required to give the Defendants "anything" (*See* Dkt. 131 at 3) bears no difference to the outcome of this motion. The Fund may not have a legal obligation to pay Defendants' legal fees, but they state themselves that they were incorporated in June 2023 for the purpose of paying Defendants' legal fees in this matter. *Id.* at 2.

may have. Should circumstances warrant the filing of such documents on the public docket, these matters can be addressed in a properly supported motion to seal brought by either party. Because the Fund has not met its burden under Rule 45(d)(3), the Motion is due to be denied.

## IV. CONCLUSION

Accordingly, The Fund's Non-Party Objection and Motion to Quash Document Subpoena (Dkt. 131) is **DENIED**. The Fund must comply with Plaintiff's subpoena and document requests on or before November 17, 2023.

**DONE** and **ORDERED** in Orlando, Florida, on November 13, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record