# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.; JOHNNY L. MCCRAY, JR.; and MARY MCLEOD BETHUNE NATIONAL ALUMNI ASSOCIATION, INC.,

    Defendants.

Case No. 6:22-cv-47-WWB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration on Plaintiff's Motion for Contempt (Dkt. 104), filed on September 15, 2023. The motion has been referred to me for review and the preparation of a report and recommendation. 28 U.S.C. § 636; *see also In re: Authority of United States Magistrate Judges of the Middle District of Florida*, Case No. 8:20-mc-100-T-23 (October 29, 2020). On September 22, Defendants responded in opposition (Dkt. 113), and on November 3, this Court held a hearing on the motion. Dkt. 136.[1] Finally, on

---

[1] The Court referenced this Motion and stated its intention to deny the motion as moot at a hearing held on December 11, 2023. Dkt. 175.

November 15, Defendants filed a Notice with the Court in relation to the motion, and on November 28, Plaintiff filed a reply in support of its motion (Dkt. 152). Upon consideration, and for the reasons stated on the record at a second hearing held on December 11, 2023, I respectfully recommend that the Court deny Plaintiff's Motion.

## I. BACKGROUND

On June 30, 2023, Plaintiff filed a motion to compel documents responsive to Plaintiff's First Requests for Production (Dkt. 79), which was granted. *See* Dkt. 82. In the Order granting the motion to compel, Plaintiff was awarded its expenses, that is, reasonable attorney's fees and costs, incurred in bringing the Motion. *Id.* at 12. The Court directed the parties to confer in good faith and stipulate to the reasonable expenses incurred and if they could not agree, the Court directed Plaintiff to file a motion supported by declarations and expense records to support their request of fees. *Id.* at 13. Plaintiff filed its verified motion for an award of attorney's fees on July 26, 2023. Dkt. 84.

Also on July 26—*before* the Court ruled on Plaintiff's motion for attorney's fees—the Defendants filed an "Objection and Motion to Reject or Modify" the undersigned's order granting the motion to compel. *See* Dkt. 85. Defendants' objection *does not* take issue with the *amount* of attorney's fees because such an amount had not yet been determined by the undersigned when the objection was filed. The objection remains pending.

Then, on August 4, the undersigned issued an order awarding expenses to Plaintiff and directing Defendants to jointly and severally "pay Plaintiff $18,792.00 within 30 days." Dkt. 87 at 3 (the "Fee Order"). The order was entered only after Defendants had been given an opportunity to respond, although they did not file a response in opposition to the award. *See id.* at 1. Defendants did not file an objection to the Fee Order.

Nor did Defendants pay the award by the deadline, necessitating Plaintiff to file the instant contempt motion on September 15, 2023. Dkt. 104. The undersigned held a hearing on the motion for contempt on November 3, 2023. Dkts. 136, 137, 146. At the hearing, counsel for Defendants represented that payment of the award would render the Defendant organization insolvent, but counsel was unable to confirm Mr. McCray's financial ability to pay. *See* Dkt. 146 at 56:12 to 58:22. Counsel clarified at the hearing that Defendants had not paid the award because they were waiting for the Court to adjudicate their objection to the order granting Plaintiff's motion to compel and awarding expenses. *Id.* at 58:23 to 59:11, 59:18 to 61:13.

At the hearing, the undersigned directed the parties to file supplemental briefs concerning Defendants' ability to pay the award. See Dkt. 146 at 63:11 to 64:9, 66:2–20. The parties were specifically directed to file as attachments to those briefs any documents or declarations necessary to support their

positions regarding Defendants' ability to pay an award and they were granted leave to file such information under seal.[2] *Id.*

Plaintiff filed its supplemental brief and evidence on November 8, 2023. Dkts. 141, 142. In its filing, Plaintiff established the alumni association possessed assets sufficient to pay the award of expenses. *See id.*

Defendants still had not complied with the Fee Order by November 15. On that date, rather than filing a supplemental brief and submitting evidence in support of their contention that payment of the award would render the association insolvent, Defendants filed a Notice stating that they were "prepared to pay the Plaintiff $18,792.00 immediately, and have requested payment instructions from Plaintiff's counsel to deliver such payment." Dkt. 147 at 1. Plaintiff responded to this Notice the next day, confirming that Defendants had paid the outstanding fee award on November 16, but requesting that the Court grant it attorney's fees and costs in connection with the original motion for contempt. Dkt. 152 at 2.

## II. LEGAL STANDARDS AND ANALYSIS

Federal courts have both inherent and statutory authority to punish contempt and to coerce compliance with their orders. *See Purchasing Power,*

---

[2] In cases where the contemnors claim that it is factually impossible for them to comply, they bear the burden of producing evidence to support their claim. *See United States v. Rylander*, 460 U.S. 752, 757 (1983).

*LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Under 18 U.S.C. § 401,

> A court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other as–
> (1) [m]isbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) [m]isbehavior of any of its officers in their official transactions;
> (3) [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.

This statutory authority applies to both criminal and civil actions. *United States v. Bardell*, No. 6:11-cr-401, 2022 WL 16921698, at *17 (M.D. Fla. June 6, 2022), *report and recommendation adopted*, 634 F. Supp. 3d 1083 (M.D. Fla. 2022).

Civil contempt sanctions serve to: (1) coerce the contemnor to comply with a Court order, or (2) compensate a party for losses suffered because of the contemnor's act. *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999). The Court's "civil contempt power is measured solely by the requirements of full remedial relief." *Id.* (quoting *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991)) (quotations and citations omitted).

Here, Plaintiff originally sought a finding of civil contempt with a coercive purpose. Dkt. 104 at 2. Circumstances changed as the Motion was

briefed and argued. After extensive briefing, many notices, a hearing,[3] and more notices, Defendants finally complied with the Court's order by paying the expenses awarded. Dkt. 152 at 1. Undeterred, Plaintiff persists in its request for sanctions, revising its requested relief to "a civil penalty for each day of noncompliance," an award of reasonable attorneys' fees and costs, and other sanctions the Court deems proper. *Id.* at 2.

The best way to put the circumstances here is that Plaintiff's Motion has been overcome by events. Plaintiff wanted to be paid the expenses it was awarded on the day the payment was ordered. Defendants paid, but not on time and not without the need for the Court's intervention. That said, coercive sanctions are no longer necessary, and so the primary relief sought in the Motion is moot.[4]

---

[3] The Motion was noticed for a hearing on November 3, 2023. Dkt. 125. The notice directed that "defendants presence is required." *Id.* Despite this, Defendants did not appear at the hearing. Dkt. 136.

[4] To be sure, the Court could impose a sanction that is compensatory in nature. *See United States v. Bardell*, 634 F. Supp. 3d 1083, 1088 (M.D. Fla. 2022) ("Once the 'contumacious conduct' ceases, the need for a coercive sanction ends, but the court retains the power to impose compensatory sanctions.") (citation omitted). But compensatory sanctions must be "based upon evidence of complainant's actual loss," *United Mine Workers of Am.*, 330 U.S. at 304, and Plaintiff has not demonstrated that it suffered a loss due to Defendants' belated payment. I therefore conclude compensatory sanctions would be inappropriate. *See, e.g.*, *Nat'l Drying Mach. Co. v. Ackoff*, 245 F.2d 192, 195 (3d Cir. 1957) (reasoning "there can be no 'equity' in a compensatory award except as it provides a fair equivalent for some loss.").

May the Court nonetheless impose fines for each day the payment was delayed, as Plaintiff now requests? Put simply, no. Plaintiff's new requested relief is intended to punish Defendants' willful conduct. It is therefore no longer civil in nature and must be issued in a criminal contempt proceeding. *See Gregory v. Depte*, 896 F.2d 31, 35 (3d Cir. 1990) (quoting *Ackoff*, 245 F.2d at 195).

Criminal contempt is subject to a more demanding standard. In contrast to civil contempt, a finding of criminal contempt requires "both a contemptuous act and a willful, contumacious, or reckless state of mind." *In re Joyce*, 506 F.2d 373, 378 (5th Cir. 1975). Plaintiff has established the former but not the latter.

And because "criminal contempt is a crime in the ordinary sense," due process imposes higher procedural standards. *In re McLean*, 794 F.3d 1313, 1324 (11th Cir. 2015). The Constitution imposes a panoply of protections on criminal contempt proceedings, each of which must be observed before the Court can impose sanctions. *In re E.I. DuPont De Nemours & Co.-Benlate Litig.*, 99 F.3d 363, 368 (11th Cir. 1996). Defendants in criminal contempt proceedings must be presumed innocent, proved guilty beyond a reasonable doubt, accorded the right to refuse to testify, advised of the charges, have a reasonable opportunity to respond, given an opportunity to call witnesses, and, for serious contempt, afforded a jury trial. *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (citations omitted). Defendants here were

provided none of these protections because Plaintiff's original request for relief called for coercive civil contempt sanctions.

In short, Plaintiff has not proven criminal contempt, nor have Defendants been offered the protections required before the Court may impose criminal contempt sanctions. Plaintiff's revised request for punitive, criminal contempt sanctions should be denied.

### III.  CONCLUSION

Accordingly, I respectfully recommend that Plaintiff's Motion for Contempt (Dkt. 104) be **DENIED**.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on December 19, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Wendy W. Berger

Counsel of Record