UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.:  6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN UNIVERSITY, INC.,

      Plaintiff,

v.

DR. MARY MCLEOD BETHUNE NATIONAL ALUMNI
ASSOCIATION, INC., MARY MCLEOD BETHUNE NATIONAL
ALUMNI ASSOCIATION, INC., and JOHNNY L. MCCRAY, JR.,
Individually,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR SANCTIONS

Pursuant to Rule 37, the Order at D.E. 5, and the Court's inherent power, Plaintiff respectfully requests the Court immediately compel the production of documents withheld by Defendants and impose sanctions as set forth herein.

Rule 37(b)(2)(A)(vi) permits a district court to render "a default judgment against [a] disobedient party" as a sanction for failing "to obey an order to provide or permit discovery." *Diamond Tr. u/a/d 10/28/2005 v. Diamond*, 2022 WL 4493035, at *3 (11th Cir. Sept. 28, 2022).  "A sanction of default judgment requires a finding of willfulness or bad faith." *Id*. (citation omitted).  "[T]he imposition of default judgment, when justified, *enforces* due process—disobedient parties must face consequences for their failure to comply." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 324 F.R.D. 404, 414 (M.D. Fla. 2018) (citing *Hammond Packing Co. v. State of Ark.*, 212 U.S. 322, 351-52, (1909) (emphasis in original)).

1

Rule 37 also permits the Court to direct that "designated facts be taken as established for purposes of the action," and to "strik[e] pleadings in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii). A court need not find willfulness or bad faith by Defendants to impose these sanctions. *Coquina Invs. v. TD Bank, N.A.*, 760 F.3d 1300, 1319 (11th Cir. 2014). This Court has previously imposed these sanctions against a party for its willful disregard of discovery orders. *Wyndham Vacation Ownership, Inc., v. Slattery, Sobel & Decamp, LLP*, 2021 WL 5275700, at \*8 (M.D. Fla. Nov. 10, 2021) (entering default, striking answer).

The Court ordered Defendants to produce documents responsive to Plaintiff's Requests by December 22, 2023.  [D.E. 178.]  Defendants refused to comply.  [D.E. 184.]  On December 26th, the Court again ordered Defendants to "compl[y] with all Orders of this Court" by December 29th.  [D.E. 185.]  The Court also warned Defendants that "[f]ailure to comply . . . may result in sanctions."  [*Id*.]  Defendants again refused to comply with, *e.g.,* the Court's multiple, clear orders to produce social media accounts, and the order to produce Defendant McCray's bank statements (Requests 11, 80). *See* **Exhibit "A"** hereto.

Defendants' refusal to comply with the Court's recent Orders [D.E. 178; 185] is another example of Defendants' long history of disregard for the Court's Orders.  [*See, e.g.*, D.E. 88; D.E. 104; D.E. 157.]

Plaintiff respectfully requests the Court to compel immediate production of the documents withheld and impose sanctions, up to and including: (i) entry of default judgment; (ii) an order establishing liability under the Lanham Act; (iii) striking

2

Defendants' Answer [D.E. 41; (iv) an adverse inference that the social media and other documents withheld contain willfully infringing content and the bank records withheld establish McCray personally profited from the infringement; (v) attorneys' fees connected with this Motion and other appropriate relief. Alternatively, Plaintiff requests additional briefing up to 25 pages. [D.E. 5 at 2.]

<u>**CERTIFICATE OF GOOD FAITH CONFERRAL**</u>

Pursuant to L.R. 3.01(g), the undersigned certifies that he conferred with Defendants' counsel, Terry Sanks, Esq., by telephone and by email multiple times, including January 5, 2024 (*see* Exh. A hereto), and Defendants oppose the relief sought herein.

Respectfully submitted,

***s/Gregory W. Herbert***
Gregory W. Herbert
Florida Bar No. 0111510
herbertg@gtlaw.com
Stephen G. Anderson
Florida Bar No. 0105697
andersonst@gtlaw.com
**GREENBERG TRAURIG, P.A.**
450 S. Orange Avenue, Suite 650
Orlando, FL 32801
Telephone No. (407) 420-1000
*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2024, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel for record.

*__s/Gregory W. Herbert__*