UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No.: 6:22-cv-0047-WWB-RMN

BETHUNE-COOKMAN
UNIVERSITY, INC.,

    Plaintiff,

v.

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., MARY
MCLEOD BETHUNE
NATIONAL ALUMNI
ASSOCIATION, INC., and
JOHNNY L. MCCRAY, JR.,
Individually,

    Defendants.
_____/

## STIPULATED PERMANENT INJUNCTION

Plaintiff, Bethune-Cookman University, Inc. ("Plaintiff"), together with Defendants Dr. Mary McLeod Bethune National Alumni Association, Inc., Mary McLeod Bethune National Alumni Association, Inc., and Johnny L. McCray, Jr. (collectively "Defendants"), hereby jointly stipulate to the entry of this Permanent Injunction, which prohibits Defendants from directly and/or indirectly promoting, marketing, advertising in any media, or using or registering as a trade name, trademark, service mark, business name, corporate name, domain name, or as any indication of source or origin in connection with any business, goods or

3

**EXHIBIT A**

services, Plaintiffs' trademarks,[2] trade dress, or any name, mark, designation, symbol or logo that constitutes a copy, derivative, variation, reproduction, simulation, or colorable imitation of the Trademarks, trade dress, or any other mark owned by Plaintiff, as follows:

1. Plaintiff and Defendants agree that this Court has jurisdiction over the subject matter and the parties to this action and that venue is proper in this District.

2. Plaintiff and Defendants agree that Defendants' local Chapters are subordinate to Defendants Dr. Mary McLeod Bethune National Alumni Association, Inc., and Mary McLeod Bethune National Alumni Association, Inc., and are therefore bound by the terms of this Injunction.

3. Plaintiff and Defendants agree that Plaintiff is the rightful owner of all intellectual property rights in and to the Trademarks, including the mark BETHUNE-COOKMAN, and the composite marks and logos set forth in **Schedule 1-A**.

4. Plaintiff and Defendants agree that Plaintiff is the rightful co-owner of all intellectual property rights in and to the mark FLORIDA CLASSIC, including the trademark registrations set forth in **Schedule 1-B**.

5. Plaintiff and Defendants agree that Plaintiff is the rightful owner of all intellectual property rights in and to the trade dress for all classes of goods and

---

[2] Plaintiff owns the trademarks, registrations, and applications set forth in **Schedule 1-A**, and is a co-owner of the trademarks and registrations set forth in **Schedule 1-B** (hereinafter the "Trademarks").

4

services for which Plaintiff uses the Trademarks, which includes Dr. Mary McLeod Bethune's name, image, or likeness; Plaintiff's school colors, maroon and gold; and any imagery including or incorporating a black rose (hereinafter "Trade Dress").

6. Plaintiff and Defendants agree that Defendants will refrain from any illegal activity involving Plaintiff's intellectual property rights, including but not limited to conduct that violates the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and (c); Florida's common law trademark law; Fla. Stat. §§ 495.131, *et seq.*; Fla. Stat. §§ 495.151, *et seq.*; Fla. Stat. §§ 817.41, *et seq.*; Florida's Deceptive And Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq*.

7. Plaintiff and Defendants agree that, upon this Court's entry of this Stipulated Permanent Injunction, counsel for the parties shall forthwith file a Stipulated Notice of Voluntary Dismissal Without Prejudice, subject to the Court's retention of jurisdiction over the parties for the purpose of enforcing the terms of this Stipulated Permanent Injunction and the parties' agreement in connection herewith.

**THEREFORE**, the Court, having considered the parties' Joint Motion for Entry of Stipulated Injunction and having reviewed all materials filed with the Court in this action and the above recitals and otherwise being fully advised in the premises, hereby

**ORDERS AND ADJUDGES** as follows:

1. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any other persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly, or through or by means of any other individual or entity, infringing upon Plaintiffs' Trademarks and Trade Dress.

2. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any other persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly, or through or by means of any other individual or entity, any use in commerce, or in connection with fundraising, solicitation of funds, networking or social events of any kind or nature, of the following: (a) any use of the term "Alumni Association"; (b) any use of Dr. Mary McLeod Bethune's name, image, or likeness; (c) any use of Plaintiff's school colors, maroon and gold; (d) any use of any imagery including or incorporating a black rose; (e) any use of the Trademarks, Trade Dress, or of any of Plaintiff's trademarks, trade names, trade dress, logos, domain names, whether registered or unregistered; and (f) any word, mark, term, symbol, logo, design, graphic, image or visual representation of any kind that is confusingly similar to any of the foregoing.

3. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly, or through or by means of any other individual or

entity, making or displaying any statement or representation that is likely to lead consumers or the public to believe that Defendants' services are in any manner licensed, sponsored, endorsed, approved, authorized by or associated, affiliated or otherwise connected with Plaintiff, including but not limited to use of "ALUMNI ASSOCIATION" in connection with the Trademarks and Trade Dress.

4. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from, directly or indirectly, or through or by means of any other individual or entity, aiding, assisting or abetting in doing any act prohibited by paragraphs (1) through (3) above.

5. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from effecting or attempting to effect any transfer or assignment of any kind whatsoever, or forming any new entities of any kind or utilizing any other device, including the solicitation of other individuals, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Injunction.

6. The Defendants, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, are hereby enjoined from aiding, abetting, contributing, causing, or assisting anyone or any entity in

engaging in the activities prohibited by this Injunction or infringing the intellectual property described above.

7. Nothing herein constitutes or shall be construed to constitute a waiver of Plaintiffs' right to obtain or seek additional remedies including the recovery of monetary damages for violations of this Injunction.

8. This Injunction shall become enforceable without further Order of this Court and this Court shall retain jurisdiction over this action and the parties, and Defendants' officers, directors, owners, agents, servants, employees, successors, heirs and assigns, and any and all persons in active concert or privity or in participation with any of them, for the purpose of enforcing this Permanent Injunction.

**DONE AND ORDERED** this _____ day of _____, 2024 at Orlando, Orange County, Florida.

_____
**The Honorable Wendy Berger**
**United States District Judge**

Copies to: Counsel of Record

# Schedule 1-A

# B-CU Current Registered Marks

| | Mark | Federal Registration | Florida Registration |
|---|---|---|---|
| 1. | BETHUNE-COOKMAN | 2,997,255 | |
| 2. | BETHUNE-COOKMAN | 3,010,916 | |
| 3. | BETHUNE-COOKMAN | | T06000001446 |
| 4. | [Bethune-Cookman University seal] | 1,974,478 | |
| 5. | [Bethune-Cookman University seal] | | T11000000242 |

|    | **Mark** | **Federal Registration** | **Florida Registration** |
|----|----------|--------------------------|--------------------------|
| 6. |          | 4,406, 777               | N/A                      |
| 7. |          | 6,826,252                | N/A                      |
| 8. |          | 6,960,410                | N/A                      |

|  | **Mark** | **Federal Registration** | **Florida Registration** |
|---|---|---|---|
| 9. | | 6,983,239 | N/A |
| 10. | | 6,983,240 | N/A |
| 11. | | 6,983,241 | N/A |

|     | **Mark** | **Federal Registration** | **Florida Registration** |
| --- | --- | --- | --- |
| 12. |  | 6,983,242 | N/A |

# B-CU Current Trademark Applications

|  | Mark | Application Number |
|---|---|---|
| 1. | DR. MARY MCLEOD BETHUNE FOUNDATION GIFT SHOP | 98,090,284 |
| 2. | MARY MCLEOD BETHUNE FOUNDATION | 98,090,271 |
| 3. | MARY MCLEOD BETHUNE PERFORMING ARTS CENTER | 98,090,276 |
| 4. | THE ALUMNI ASSOCIATION (logo) | 98,243,038 |
| 5. | (marching wildcat drummer logo) | 98,243,044 |
| 6. | MARCHING WILDCATS | 98,243,030 |

# Schedule 1-B

# B-CU Co-Owned Registered Marks

|    | Mark            | Federal Registration | Florida Registration |
|----|-----------------|----------------------|----------------------|
| 1. | FLORIDA CLASSIC | 2,997,255            |                      |
| 2. | FLORIDA CLASSIC | 3,031,481            | T06000001498         |