UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BETHUNE-COOKMAN, UNIVERSITY,
INC.,

        Plaintiff,

v.                                Case No.: 6:22-cv-47-WWB-RMN

DR. MARY MCLEOD BETHUNE
NATIONAL ALUMNI ASSOCIATION,
INC., JOHNNY L. MCCRAY, JR. and
MARY MCLEOD BETHUNE NATIONAL
ALUMNI ASSOCIATION, INC.,

        Defendants.
_____/

## ORDER

    THIS CAUSE is before the Court on the parties' Joint Motion for Entry of Stipulated Injunction (Doc. 206). Therein, the parties request that the Court enter the proposed Stipulated Permanent Injunction (Doc. 206-1), which would fully resolve the claims in this case. For the reasons set forth in the Motion and proposed order, and pursuant to the Court's inherent equitable authority and the parties' consent, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The parties' Joint Motion for Entry of Stipulated Permanent Injunction (Doc. 206) is **GRANTED** and this case is **DISMISSED with prejudice**.

2. The Clerk is directed to terminate all other pending motions and close this case.

3. The following injunction is entered:

**PERMANENT INJUNCTION**

1. The Court possesses jurisdiction over the parties and subject matter of this cause.

2. Defendants, and their officers, directors, owners, agents, servants, employees, successors, heirs, and assigns, and any other persons in active concert or participation with any of them, are hereby enjoined from, directly or indirectly, or through or by means of any other individual or entity, from the following:

   a. Infringing upon Plaintiffs' Trademarks and Trade Dress;

   b. Using in commerce, or in connection with fundraising, solicitation of funds, networking, or social events of any kind or nature, any of the following: (a) any use of the term "Alumni Association"; (b) any use of Dr. Mary McLeod Bethune's name, image, or likeness; (c) any use of Plaintiff's school colors, maroon and gold; (d) any use of any imagery including or incorporating a black rose; (e) any use of the Trademarks, Trade Dress, or of any of Plaintiff's trademarks, trade names, trade dress, logos, domain names, whether registered or unregistered; and (f) any word, mark, term, symbol, logo, design, graphic, image, or visual representation of any kind that is confusingly similar to any of the foregoing.

   c. Making or displaying any statement or representation that is likely to lead consumers or the public to believe that Defendants' services are in any manner licensed, sponsored, endorsed, approved, authorized by, or associated, affiliated or otherwise connected with Plaintiff, including but not limited to use of "ALUMNI ASSOCIATION" in connection with the Trademarks and Trade Dress.

    d. Effecting or attempting to effect any transfer or assignment of any kind whatsoever or forming any new entities of any kind or utilizing any other device, including the solicitation of other individuals, for the purpose of circumventing or otherwise avoiding the prohibitions set forth in this Permanent Injunction.

    e. Aiding, abetting, contributing, causing, or assisting anyone or any entity in engaging in the activities prohibited by this Injunction or infringing the intellectual property described above.

3. This Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order and Permanent Injunction.

**DONE AND ORDERED** in Orlando, Florida on February 15, 2024.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record